## SHROUDER *v.* THE STATE.

1. Allegations in an indictment wholly foreign to any element in the offense charged may be disregarded as surplusage and need not be proved. The rule is otherwise as to averments which are descriptive of some element in the offense though more precise and detailed than is absolutely necessary.

2. A witness may use any written instrument for the purpose of refreshing his recollection, provided he ultimately testifies from his recollection as thus refreshed, even though he did not himself write the instrument.

3. While it is not necessary to allege, in an indictment under the Penal Code, § 219, par. 3, that the act of trespass was done " wilfully," a conviction can not be had where the act was done without any criminal intent ; and where

the act alleged to be a trespass was committed in good faith under a claim of ownership, there can be no lawful conviction.

4. The evidence did not authorize the verdict, and the court erred in refusing to grant a new trial.

Submitted January 18, — Decided January 26, 1905.

Accusation of trespass.    Before Judge Henderson.    City court of Vienna.    November 15, 1904.

*Pearson Ellis* and *Crum & Jones*, for plaintiff in error.
*E. F. Strozier,* solicitor, and *Whipple & McKenzie,* contra.

COBB, J.    1. The indictment was under the Penal Code, § 219, par. 3, and, in addition to charging the accused with pulling down and removing the fence of the prosecutor without his consent, alleged that this was done after the accused had been personally forbidden to do so by the prosecutor.    The allegation that the accused had been forbidden by the prosecutor to pull down the fence was entirely unnecessary.    It related to no element which was a necessary ingredient of the offense charged, and therefore could be properly treated as surplusage and not necessary to be proved. See 1 Bish. New Crim. Proc. § 478; *Tigner* v. *State,* 119 *Ga.* 114.

2. A witness who was being examined as to the existence of certain mortgages was allowed to refresh his recollection by referring to the record of mortgages, and, after so doing, testified positively that his recollection was refreshed and that when so refreshed he could recall 'distinctly the facts referred to in the papers.    This evidence was objected to on the ground that a witness could not refresh his recollection by referring to a paper which he did not himself prepare.    The code declares: "A witness may refresh and assist his memory by the use of any written instrument or memorandum, provided he finally speaks from his recollection thus refreshed, or is willing to swear positively from the paper."    Civil Code, § 5284.    In *Printup* v. *James,* 73 *Ga.* 583, Mr. Chief Justice Jackson doubted whether it was possible for the recollection of a witness to be refreshed by an instrument which he did not prepare.    In *Lenney* v. *Finley,* 118 *Ga.* 427, there is, however, a distinct ruling that the recollection of a witness may be refreshed by such an instrument, provided he ultimately swears from his recollection as thus refreshed, but that in order to testify positively from the paper itself he must either have made the paper himself or, at some time when the facts were

fresh in his memory, have known the facts stated in the paper to be correct.

3, 4. In *Wilcher* v. *State*, 118 *Ga.* 196, it was held that an indictment under the paragraph of the section under which the present indictment was framed need · not allege that the act of trespass was done " wilfully ; " but it was not ruled that one could be convicted under that paragraph where the act was done in good faith under a claim of ownership. While the act need not be wilful, the element of criminal intent must be present; and while this intent might be presumed from the act where nothing more appeared, yet where it is affirmatively shown that the trespass was committed in good faith under the belief that the accused was the owner of the land, the presumption of criminal intent is rebutted, and there can be no conviction. An honest mistake might result in civil liability for the wrong, but the party committing the trespass would not, by reason of such mistake, be subject to a criminal prosecution.

The prosecutor claimed to own the land and the fence. The accused claimed to own the land, and therefore asserted what she believed was her right to remove the fence, which she did because it interfered with the cultivation of the land. The question of ownership of the land is, under the evidence, close and doubtful. The husband of the accused was at one time owner of the land. He conveyed it to Mrs. Clements. After this conveyance a homestead was set apart to the husband as the head of a family. The conveyance to Mrs. Clements was for the purpose of securing a debt due to her. After the death of the husband Mrs. Clements was proceeding to eject the accused, and Raines, at the request of the accused, seems to have paid up an amount which satisfied Mrs. Clemants' claim upon the land, and a deed was made to Raines. There was an agreement between the accused and Raines that he should hold title to the property, not only until the amount paid Mrs. Clemants was repaid but also an additional sum which the accused owed to him. The accused claimed that she had paid Raines the entire sum that she owed him. It is claimed by Raines, that he and the accused agreed to divide the land ; the accused to take the south half and he the north half; that a deed was made and delivered to the accused by virtue of this agreement ; and that thereafter Raines sold the north half to the pros-

ecutor. The accused admits the existence and payment of the Clements claim by Raines, but she denies the agreement as to the division of the land and denies that she ever accepted the deed to the south half, though she admits that the paper was delivered to her son, who was living with her ànd attending to her business, and that it was found among his papers after his death. The rights of Raines, and therefore of the prosecutor, depend largely upon the question as to what interest in the land the homestead attached to. If it attached to the equity of redemption after the payment of the Clements' claim, the accused had no right, after the death of her husband, to sell or encumber this homestead interest; and a deed from her to any interest in the property to which the homestead had attached would be absolutely void. See *Whittle* v. *Samuels*, 54 *Ga.* 548. From what has been stated it is apparent that this controversy between the accused and the prosecutor is not one which the law contemplates as proper for solution upon the criminal side of the court. What might be the legal rights of the accused claiming under her husband, or the equities of the prosecutor claiming under Raines, are questions too intricate and delicate to be settled by a jury in the trial of a misdemeanor case. A new trial should have been granted on the ground that there was no evidence to authorize the verdict. It has been more than once said by this court that the indictable trespass act of 1866 was not intended to be used as a substitute for the action of ejectment, and we avail ourselves of this opportunity to announce that neither was it intended that it should take, in our jurisprudence, the office or dignity of a bill in equity.

*Judgment reversed. All the Justices concur.*