## 7951.  KENNEDY v. THE STATE.

Where an indictment for trespass charged that the offense was committed by moving a dwelling-house from described land of a certain person, and the evidence, while showing the removal of a dwelling-house by the accused from land belonging to that person, failed to show that the house was taken from the particular land described in the indictment, the conviction of the accused was not authorized by the evidence.

DECIDED MARCH 13, 1917.

Indictment for trespass; from Evans superior court—Judge Sheppard.  October 9, 1916.

*W. G. Warnell, Wade H. Bruton,* for plaintiff in error.

*W. F. Slater, solicitor-general, P. M. Anderson,* contra.

GEORGE, J.  In *Heard* v. *State*, 4 *Ga. App.* 572 (61 S. E. 1055), it is held: "An accusation of trespass, in which the defendant is charged with passing over the lands of another after being for-

bidden by the owner, in violation of the Penal Code, § 220 [Penal Code of 1910, § 217], is insufficient to withstand a timely definite special demurrer, where the only description of the lands trespassed upon is 'a certain field the cultivated land of [the prosecutor] at the time being held under a contract of purchase,' though previous statements in the accusation locate the land as being in the county of the prosecution. In such an accusation the description of the land should be definite." In the instant case the indictment for criminal trespass is under section 216 (2) of the Penal Code of 1910, and sufficiently describes the land, and in such manner as to make the descriptive terms thereof a material allegation in the indictment, from which a certain dwelling-house is alleged to have been removed by the defendant without authority and against the will of the prosecutor. The evidence, while showing the removal of a dwelling-house by the defendant from land belonging to the prosecutor and located in the county of the prosecution, does not show that the house was taken from the particular land described in the indictment. The evidence, therefore, does not sustain the allegations of the indictment in this respect, and the defendant should have been granted a new trial. Moreover, the case against the defendant is a doubtful one, under the decision in *Shrouder* v. *State*, 121 *Ga.* 615 (49 S. E. 702).

*Judgment reversed. Wade, C. J., and Luke, J., concur.*