### 19294.   JACKSON *v.* THE STATE.

DECIDED DECEMBER 11, 1928.

*F. Larcus Clements,* for plaintiff in error.

BLOODWORTH, J.   In the city court of Macon the plaintiff in error was accused, under section 311 of the Penal Code of 1910, of obstructing legal process by "threatening and attempting to cut" with a large knife W. S. Pool, a deputy sheriff of the municipal court of Macon, "in executing and attempting to execute a legal process."   In the absence of a demurrer the accusation might have been sufficient to support a conviction without the allegation that the accused attempted to cut the officer with a large knife (*Harrison* v. *State,* 26 *Ga. App.* 645, 107 S. E. 90; *Moses* v. *State,* 6 *Ga. App.* 251 (2), 64 S. E. 699) ; yet this having been alleged, it must be proved.   *Fulford* v. *State,* 50 *Ga.* 591; *Watson* v. *State,* 64 *Ga.* 61 (2) ; *Holden* v. *State,* 144 *Ga.* 338 (3) (87 S. E. 27) ; *Southern Express Co.* v. *State,* 23 *Ga. App.* 67 (2) 71 (97 S. E. 550), and cit. It is true that the officer swore that the accused, after stating that "it wasn't anybody going to get her furniture," "walked over to a table in the kitchen and picked up a big long knife, turning around, and wiping it off on some towels, laying it down in a chair in the room in which I was standing, later picking up the knife, walking over towards the front door where I was standing, with the knife in her hand and her hand hanging downward.   She then placed the knife on her trunk in the same room and tried to get me to go out of the house, saying that she wanted to get the money to pay

off this debt. I would not leave, so she tried to shut the door, but I would not let her. I sent Mr. Souther to call for a truck to haul the furniture away, and when the truck driver came she picked up the knife and said there wasn't anybody going to get her furniture. The truck driver run and jumped the fence, and she put her hand on the foot of the bed standing near the door and would not let me pass. Mr. Souther asked me if he should go call another officer for help. I replied that he should, and ordered him to do so." This evidence does not show that the accused made any attempt to cut the officer. Granting that she procured and held for a time "a large knife" with which she could have cut the officer, the possession of the knife was not accompanied by any attempt to use it.

The evidence does not support the allegations of the indictment, and the court should not have overruled the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*