## 19644. HIGHTOWER *v.* THE STATE.

DECIDED MAY 14, 1929.

*Joseph M. Lang,* for plaintiff in error.

*John C. Mitchell, solicitor-general,* contra.

BLOODWORTH, J.  The indictment alleges that the accused "then and there, unlawfully and with force and arms, did by automobile transport and convey Etta Lou Tate from her home in said county into the State of Tennessee to a hotel and room in Soddy, Tennessee, with knowledge and good reason to know of the immoral purpose of such transporting, said immoral purpose being to have sexual intercourse with said Etta Lou Tate, contrary to the laws of said State, the good order, peace, and dignity thereof." To the indictment a demurrer was interposed which reads that "1. Said indictment fails to allege any offense under the laws of Georgia. 2. Said indictment fails to allege any offense in Gordon county, Georgia, and fails to allege any offense in which this court has jurisdiction. 3. The allegation that defendant did transport to a hotel in Tennessee the woman named is demurred to as immaterial and irrelevant."

The court did not err in overruling the demurrer.

(*a*) ⸱ The indictment sufficiently sets out an offense.

(*b*) The indictment alleges that the offense was committed in Gordon county, Georgia. The indictment was returned by the grand jury of Gordon county, and alleged that the offense was committed "in the county aforesaid," and that Etta Lou Tate was transported "from her home in said county."

(*c*) The words "into the State of Tennessee to a hotel and room in Soddy, Tennessee," might have been omitted from the indictment, but when inserted therein they became material and relevant. See second division of this opinion and cases cited therein.

■ The plaintiff in error was convicted under an indictment based on the act of 1918 (Ga. L. 1918, pp. 267, 268); Park's Penal Code Supp. 1922, § 384 (*a*). A copy of the indictment appears above. The indictment need not have alleged that Etta Lou Tate was transported "into the State of Tennessee to a hotel and room in Soddy, Tennessee." These words might have been left out of the indictment, but transporting is a necessary element of the offense charged, and where the prosecutor states the offense with unnecessary particularity, he will be bound by that statement and must prove it as laid. The Supreme Court, in *Fulford* v. *State,* 50 *Ga.* 593, quoting from Bishop's Criminal Procedure, §§ 234, 235, said: "If the indictment sets out the offense as done in a particular way, the proof must show it so, or there will be a variance. And where there is a necessary allegation which can not be rejected, yet the pleader makes it unnecessarily minute in the way of description, the proof must satisfy the description as well as the main part, since the one is essential to the identity of the other." And see *Southern Express Co.* v. *State,* 23 *Ga. App.* 67 (2), 71 (97 S. E. 550), and cit. Under the principle announced in the foregoing cases, the words, "to a hotel and room in Soddy, Tennessee," could not be rejected as surplusage. There is no evidence to support this part of the indictment.

In addition to the foregoing, the case for the State was not complete; for while the indictment gave the name of the woman who was transported as "Etta Lou Tate," and alleged that she was transported from "her home in said county," neither of these allegations is supported by proof. The only woman mentioned in the evidence is "Mrs. Tate," "Mrs. Jim Tate," and there is no evidence to show that "Etta Lou Tate" and "Mrs. Jim Tate" were

one and the same woman. Nor is there any evidence to show that the woman in the case was transported from "her home," which was in Calhoun; but the evidence does show that she got in the car at her father's home "up in the country," something like three miles from Calhoun. The court erred in overruling the motion for a new trial.

■ As a new trial must result from the error stated, it is not necessary to consider the alleged error in the charge of the court.
*Judgment reversed. Broyles, C. J., and Luke, J., concur.*