## 47285. HANCOCK v. THE STATE.

PANNELL, Judge. Separate indictments were returned against the defendant. One charged him "with the offense of felony for that the said accused on the 26th day of May, 1971, in the county aforesaid, did then and there unlawfully and with force of arms, with intent to commit a specific crime, to wit: Kidnapping, performed an act which constitutes a substantial step toward the commis-

sion of said kidnapping charge by pointing a pistol at Susan Marie Phillips, and ordered her to get in said accused's automobile, said act done with intent to abduct and steal away the person of Susan Marie Phillips without lawful authority or warrant and to hold the said Susan Marie Phillips against her will." The other indictment charged the accused "with the offense of misdemeanor for that the said accused on the 26th day of May, 1971, in the county aforesaid, did then and there, unlawfully and with force and arms, intentionally and without legal justification point and aim a pistol at one Susan Marie Phillips. . ." By consent of the parties, the two indictments were tried together and the evidence disclosed that they were both the same transaction. The jury returned a verdict of "not guilty" on the charge of pointing a pistol at another, but found the defendant "guilty" of the attempted kidnapping charge. His motion in arrest of judgment on the kidnapping charge was overruled and he appealed to this court. *Held:*

While the allegation in the indictment that he attempted to kidnap Susan Marie Phillips "by pointing a pistol at Susan Marie Phillips" may not have been a necessary allegation to sustain a conviction of attempted kidnapping, the method of the attempt having been specifically alleged, must be proven. *Southern Express Co. v. State,* 23 Ga. App. 67 (2) (97 SE 550); *Hightower v. State,* 39 Ga. App. 674 (2) (148 SE 300). The jury having acquitted the defendant and found that he did not point a pistol at Susan Marie Phillips, the verdict of guilty of the kidnapping charge by pointing a pistol at Susan Marie Phillips was inconsistent therewith, and the trial judge should have sustained the motion in arrest of judgment.

*Judgment reversed. Hall, P. J., and Quillian, J., concur.* ARGUED JUNE 6, 1972—DECIDED SEPTEMBER 5, 1972.

*William O. Carter, Carey C. Carter, Jr.,* for appellant.
*Clete D. Johnson, District Attorney,* for appellee.