## 50184. ROYAL v. THE STATE.

EVANS, Judge.

The defendant was convicted of theft of lost or mislaid property. He was sentenced to serve five years. Defendant appeals. *Held:*

The sole ground of complaint is that the state failed to prove every essential element of the crime with which defendant was charged. The property in question (bulk copper tubing) was never "lost" or "mislaid," and counsel for the state concedes this point in his brief. However, the state argues that it did prove the copper tubing was stolen from the owner by first removing it from his property, hiding same in bushes, and the thieves later returned and got it. One of them was caught, while trying to sell the stolen copper tubing.

Clearly the state proved by its own witness that the property was neither lost or mislaid but was actually stolen. Every essential element of the crime charged must be established. Code Ann. § 26-501; *Stebbins v. State,* 78 Ga. App. 534, 536 (51 SE2d 592); *Johnson v. State,* 122 Ga. App. 769 (2) (178 SE2d 772). In *Moore v. State,* 130 Ga. App. 186 (202 SE2d 556), this court held that while there was ample evidence to convict the defendant of burglary of a building, the state failed to prove the burglary of the building described in the indictment, but the proof was as to a building owned by someone else; and the conviction was reversed. Before a conviction will stand it must be a legal conviction. Defendant was not charged with the crime he committed, but with one which he did not commit.

Black's Law Dictionary defines "mislay" as follows: "To deposit in a place not afterwards recollected; to lose anything by forgetfulness of the place where it was laid." This same work defines "lost property" as: "Property which the owner has involuntarily parted with and does not know where to find or recover it . . ."

Clearly one cannot lose or mislay property unless he first owns or has possession of that property.

In the case sub judice the property in question was not alleged to have been owned or possessed by the defendant; but it was property of *another.* Hence de-

fendant could not mislay or lose it, until he first owned it or possessed it. The owner in this case testified that the goods were not *mislaid or lost,* but were *stolen.*

*Judgment reversed. Deen, P. J., and Stolz, J., concur.*

SUBMITTED FEBRUARY 10, 1975 — DECIDED MARCH 6, 1975.

*Greenholtz & Hind, H. T. Greenholtz, Jr.,* for appellant.

*William S. Lee, District Attorney, Daniel Mac-Dougald, III, Assistant District Attorney,* for appellee.