## 51449. BAKER v. THE STATE.

WEBB, Judge.

John Travis Baker appeals from his indictment and conviction of two counts of violating the Georgia Controlled Substances Act on July 14, and July 22, 1974, each count alleging the possession and sale of cocaine. The state's evidence was that Baker was arrested on or about October 25, 1974, after making the sales of cocaine alleged in the indictment to Officer S. B. Courtney, an undercover narcotics agent of the Drug Enforcement Agency of the Atlanta Police Department. Baker denied the sale of drugs to any person at any time and presented alibi defenses for the two dates alleged in the indictment.

1. The trial court did not err in denying Baker's motion for directed verdict made at the close of the state's case based on the failure of the proof to sustain the allegations of the indictment that the cocaine was sold on July 14 and 22.

The state concedes that the indictment was drawn so as to make the dates material allegations which required proof. See *Smith v. State,* 74 Ga. App. 777 (3) (41 SE2d 541). "Where an accusation sets out a criminal offense as committed in a particular way, the proof must support the allegations thus made, even though the offense be stated with unnecessary particularity." *Jackson v. State,* 39 Ga. App. 35 (145 SE 902).

Officer Courtney identified state's exhibits 1 and 2 as the purchases of cocaine he made from the defendant and stated positively that the dates alleged in the indictment were in fact the dates on which the offenses occurred although he had erroneously dated one of the packets July 23. Officer Watts, who assisted in the arrest, had to use the reports he made at the time to refresh his memory and also identified the evidence by his initials and the dates inscribed thereon.

It is well settled that a witness may use notes to refresh his memory while testifying. Code § 38-1707. What conflicts there were here did not disprove the dates alleged but merely created an issue of fact to be resolved by the jury, which it resolved in favor of the state.

2. Error is enumerated in the admission of state's

exhibits 1 and 2, which contained the cocaine allegedly sold by the defendant, on the ground that an insufficient chain of custody was proven.

Officer Courtney testified that he made two purchases of aluminum foil packets of white powder from the defendant on July 14 and July 22; that on each date he immediately returned to the Drug Enforcement Agency (DEA) office where he, in the presence of Officer Watts, sealed the aluminum foil packets in a plastic envelope with a heat seal; and that both bags remained in the DEA office until July 23, 1974, at which time they were sent by registered mail to the DEA laboratory in Miami, Florida.

Charles Clark of the DEA laboratory testified that state's exhibits 1 and 2, the plastic bags containing the cocaine, were received in the laboratory on July 25, 1974, by Clifford Pike, the evidence custodian; that he recognized Pike's signature on the registered mail receipts; that on July 26 he (Clark) received the items for analysis in the condition in which they were received in the evidence vault under Pike's control; that the plastic bags containing the aluminum packets of cocaine were heat-sealed at the top; that he opened the bags at the bottom and removed and analyzed the material; and that upon conclusion of the tests he replaced the items in the bags, heat-sealed them at the bottom and returned them to the vault where they remained until he signed them out for delivery to court.

Officers Courtney and Watts both identified state's exhibits 1 and 2 as being the items that were purchased, sealed and mailed to Miami. Officer Courtney swore that the items marked as state's exhibits 1 and 2 were exactly as he had sent them except that the aluminum foil was "flatter."

Nothing was introduced to show that the exhibits had been tampered with or mishandled or that the items were in an unsealed condition at any time other than when being analyzed by the chemist. Therefore, this evidence was properly admitted. *Epps v. State,* 134 Ga. App. 429, 433 (6) (214 SE2d 703); *Meadows v. State,* 135 Ga. App. 758 (219 SE2d 174), and cases cited.

3. The trial court did not err in allowing the jury to disperse. Counsel for defendant made no objection at the

time of dispersal and the judge properly instructed the jury not to discuss the case or to listen to or read news reports during the recess. Code Ann. § 59-718.1; *White v. State,* 230 Ga. 327, 340 (196 SE2d 849); *Walters v. State,* 128 Ga. App. 232 (196 SE2d 326).

4. Enumerated error 6 complains of the court's charge to the jury on the alternative forms its verdict could take. The charge complained of was the second time the court charged on the alternative forms. The first charge was correctly given. The second time it was charged, the court stated: ". . . you can find the defendant guilty of Count One, as I have said, and not guilty on Count Two, *or guilty on Count One and not guilty on Count One.*" (Emphasis supplied.)

Clearly this was merely a restatement of the correct charge which contained a slip of the tongue whereby the court said "One" instead of "Two." If this constituted error it was harmless since the jury had previously heard the court charge and could have reasonably noted any error they heard and applied common sense to the instructions as a whole. Accord, *Perdue v. State,* 135 Ga. 277 (2) (69 SE 184). "An inadvertent statement, or mere slip of the judge's tongue, not prejudicial to the complaining party, does not require the grant of a new trial." *City of Summerville v. Sellers,* 94 Ga. App. 152 (7) (94 SE2d 69).

5. Enumeration 6 contends that the trial court erred in failing to rule on defense counsel's objections to its charge on reasonable doubt as it pertained to the mathematical certainty of proof of the dates of the sales of cocaine on the indictments. Defendant's counsel objected on the ground that since the dates alleged were material, the state was required to prove guilt to a mathematical certainty.

This contention is without merit. "The court charged the jury fully and clearly on the doctrine of reasonable doubt, and therefore there was no error in the instruction that 'mathematical certainty is not required . . .' [Cits.]" *Griggs v. State,* 17 Ga. App. 301, 302 (5) (86 SE 726).

6. Baker alleges error on the part of the court in not holding his conviction to be against the weight of the evidence since he presented an alibi defense, and in giving the charge it did on alibi.

(a) A friend of Baker's testified that Baker was having lunch with him on July 22 at the time of the commission of the offense. Baker's mother and sister testified that he was at home in bed asleep at the time of the sale on July 14. Alibi testimony is to be considered by the jury along with all other evidence in the case and if a reasonable doubt is created in the minds of the jurors they should acquit. *Patterson v. State,* 233 Ga. 724, 730 (213 SE2d 612). The jury here chose to believe the testimony of the state's witnesses over that of the defendant's.

(b) The judge charged the jury as follows: "I charge you that alibi involves the impossibility of the accused's presence at the scene of the offense at the time of its commission and the impossibility of the accused committing the crime charged. Any evidence, whatsoever, of alibi is to be considered in the general case with the rest of the testimony." This charge, though not as full, was not repugnant to the pattern jury instruction approved by the Supreme Court in *Patterson v. State,* supra. It was not burden-shifting and therefore not erroneous. *Hunter v. State,* 135 Ga. App. 172 (1) (217 SE2d 172).

7. The trial court did not err in allowing Officer Courtney to testify in narrative form. This testimony dealt solely with the procedure used by the DEA agents in purchasing drugs. No reference was made therein to Baker. Officer Courtney was then asked, "Was that in fact done in this particular case?", to which he replied, "Yes, it was." Clearly the purpose of eliciting this testimony was to establish the normal procedure and then let the jury know that such procedure was used here.

8. State's exhibits 3 and 4, the registered mail cards attached to the packages of drugs mailed to the Miami DEA lab, were properly identified and properly admitted into evidence. State's witness Clark testified that he recognized the signature of Mr. Pike, the lab custodian. The evidence showed that Clark worked very closely with Pike, that he had received innumerable pieces of evidence in the manner in which these were received and that Pike was the only person in the DEA lab authorized to receive such evidence through the mails.

9. Under the ruling in Division 2, supra, admission

of state's exhibits 5 and 6, reports of the analysis made on the drugs allegedly purchased from Baker, was not erroneous because of gaps in the chain of custody.

10. The trial court did not err in denying the defendant's amended motion for new trial on the general or special grounds.

*Judgment affirmed. Bell, C. J., and Marshall, J., concur.*

ARGUED NOVEMBER 3, 1975 — DECIDED NOVEMBER 25, 1975 — REHEARING DENIED DECEMBER 10, 1975.

*Harrison, Martin, Childs & Foster, Mobley F. Childs, C. David Wood,* for appellant.

*Richard Bell, District Attorney, George N. Guest, Assistant District Attorney,* for appellee.