## 52141. EVANS v. THE STATE.

CLARK, Judge.

On the opening day of the 1974 dove hunting season, defendant was cited by Officers Morris and Veach for

violation of two hunting regulations: hunting with an unplugged gun and hunting under the influence of intoxicating beverages. Defendant's conduct in allegedly resisting the officers' attempt to issue these citations led to his being indicted for the additional charges of: (1) simple battery upon Officer Morris by biting him with his teeth; (2) simple battery upon Officer Veach by kicking him with his feet; and (3) obstructing a law enforcement officer in the lawful discharge of his official duties by biting Officer Morris and kicking Officer Veach, after his arrest.

A single trial conducted on all five charges resulted in defendant's conviction on the two hunting violations and the obstruction charge and his acquittal of the two battery charges. Various errors are asserted on appeal. *Held:*

1. Defendant asserts that the guilty verdict on the obstruction charge is inconsistent with and repugnant to his acquittal on the battery charges. He argues the state was required to prove that he obstructed the officers, as alleged, by biting Officer Morris and kicking Officer Veach. But since the jury acquitted him of the battery charges predicated upon these same acts, the manner in which the obstruction allegedly occurred was necessarily decided in defendant's favor. Thus, defendant concludes, his obstruction conviction cannot stand.

"The determinative factor in such cases is whether the acquittal of one charge necessarily includes a finding against a fact that is essential to conviction for the other charge. If so, the evidence is then insufficient to support a verdict of guilty in the convicted charge." *Conroy v. State,* 231 Ga. 472, 475 (202 SE2d 398); *Kuck v. State,* 149 Ga. 191 (99 SE 622).

Are the allegations as to biting and kicking facts which are essential to defendant's conviction for obstruction? The state argues that the offense of obstructing an officer may be committed in various ways so that it is not restricted to proof of the manner alleged in the indictment. We disagree. To permit the prosecution to prove that a crime was committed in a wholly different manner than that specifically alleged in the indictment would subject the accused to unfair surprise at trial and

constitute a fatal variance under the standards enunciated in *DePalma v. State,* 225 Ga. 465, 469 (169 SE2d 801). See also *Seabolt v. State,* 234 Ga. 356 (216 SE2d 110); *Bell v. State,* 227 Ga. 800 (183 SE2d 357); *Leachman v. State,* 132 Ga. App. 423 (208 SE2d 196). Under the facts presented here, the state was required to prove that the offense of obstruction was committed in the manner alleged in the indictment.

Our conclusion is buttressed by the decision reached under the analagous factual setting presented in *Hancock v. State,* 127 Ga. App. 21 (192 SE2d 435). There, the defendant was charged with attempted kidnapping by pointing a pistol at the victim and ordering her to enter his car. Although the accused was convicted of this charge, he was acquitted of the charge of pointing a pistol at the victim. The court held that the averment of pointing the pistol at the victim may not have been a necessary allegation to sustain a conviction of attempted kidnapping, but since the method of the attempted kidnap was specifically alleged, it had to be proved. Inasmuch as the jury had acquitted the defendant of pointing a pistol at the victim, it was held that his conviction for attempting to kidnap the victim by pointing a pistol at her could not be sustained.

In the case sub judice, the jury's finding that defendant committed no battery upon the officers by biting or kicking them precludes a finding that defendant obstructed the officers by committing these same disproved acts. Since defendant's acquittal on the battery charges conclusively negates the manner in which the obstruction of the officers was allegedly committed, defendant's conviction for obstruction must be reversed.

2. Defendant asserts error upon the following instruction: "I charge you also, that it is illegal in this state to do any kind of hunting while under the influence of any intoxicating liquors, wines, beers or other drugs. I charge you that it is not necessary that a person be drunk in order to be in violation of that statute. It is necessary that he be under the influence to the extent that it would make it less safe for him to hunt than it would have been had he not been under the influence to any extent whatsoever."

The above charge was patterned after a similar instruction frequently given in prosecutions for operating a motor vehicle under the influence and approved in this context in *Flanders v. State,* 97 Ga. App. 779 (104 SE2d 538). The charge is a clear and correct statement of the law. Accordingly, this enumeration is without merit.

3. After deliberation by the jury for a considerable length of time, the trial judge gave additional instructions which stated in part: "[Y]ou should take this case and work even justice between the State and the defendant in this case without fear, without favor, without bias, without prejudice, without sympathy. As you attempt to work out even justice, those of you who believe in God and believe in the Good Book as this Court does, you must realize that the justice that you work out is man made justice, and, consequently, is full of imperfections since man himself is imperfect. We all know that there will be a perfect justice, and that will be eternal justice, but in order to obtain that justice, we will have to die and depart this life and none of us are in a hurry to do that. So, take this case, remember that it can't be perfect justice. It's man made justice, and do even justice between the parties if you can and let the chips fall where they may. With those instructions, the Court will let you go back and deliberate further."

In defending this instruction against defendant's attack that it is burden-shifting, the state's brief recites: "Said instruction is fair, appropriate, proper, rational, reasonable, sensible, wise, just, equitable, right, and good. It is beautiful. It is filled and infused with the soul and spirit of fairness, reasonableness, goodness, and righteousness. It would be difficult if not impossible to formulate or deliver a better instruction. What could be better than human 'even justice'? The question answers itself — nothing possibly could be better except solely and only Divine Perfect Justice which is not available on Earth but which is available only in Heaven . . . Even though perfect justice exists only in Heaven, if there is on Earth a perfect instruction, surely and certainly this must be that perfect instruction." (Appellee's brief, page 11).

We are unable to give our blessing to the court's language, which might have been more appropriately

delivered from a pulpit than from a judicial bench. The language used, and particularly the reference to "even justice," could well encourage compromise verdicts or inconsistent verdicts, as were returned here.

While we decline to bestow our countenance upon this charge, we do not believe that the instruction was sinfully burden-shifting so as to require a reversal of defendant's convictions for the hunting violations. The jury was fully instructed on defendant's presumption of innocence and the state's burden of proof. In addition, defendant admitted both violations in his trial testimony. Under these circumstances, any error in the charge must be deemed harmless.

4. The evidence presented by the state, together with defendant's testimonial admissions, were more than sufficient to support the jury's verdict with respect to the hunting violations.

5. The defendant's remaining enumerations, challenging portions of the court's charge, are palpably without merit.

6. For the reasons expressed in Division 1, defendant's conviction of obstructing an officer is reversed. The convictions for hunting with an unplugged gun and hunting under the influence are affirmed.

*Judgment reversed in part and affirmed in part. Bell, C. J., and Stolz, J., concur.*

SUBMITTED MAY 3, 1976 — DECIDED
MAY 12, 1976.

*William Holley,* for appellant.
*David N. Vaughan, District Attorney,* for appellee.