## 53482. FIRST NATIONAL BANK & TRUST COMPANY IN MACON v. THE STATE.

McMurray, Judge.

The defendant bank and two of its employees were jointly indicted in three separate indictments for theft of a motor vehicle, theft by taking of certain contents of the motor vehicle and criminal trespass. The case was tried by the court. All the defendants were acquitted of theft of the motor vehicle and criminal trespass, but the bank was convicted and sentenced for the theft of the contents of the motor vehicle. The trial court reserved a decision as to the two co-indictees.

The bank and one Taylor entered into a security agreement in connection with a loan the bank granted to Taylor. Taylor gave the bank a security interest in his automobile as security for this loan as well as any other obligations that Taylor owed the bank. This agreement provided that when default occurred the bank could repossess the vehicle without notice. There was undisputed evidence of default by Taylor under the security agreement. The bank's collection manager, one of the defendants, directed another employee to repossess the car which the latter accomplished without notice to the debtor. The repossession took place during darkness and the defendant employee who accomplished the seizure of the car denied that he had any knowledge that the car contained any personal property belonging to Taylor. With the exception of a briefcase on the back seat, this property was either in the glove compartment or in the trunk of the car. Taylor testified that the defendant employee who repossessed the car advised him after the fact that he did not have time to place Taylor's briefcase outside the car. On the day following the repossession,

Taylor was notified that the bank was holding his property for him. Several days later the personalty was returned to Taylor. *Held:*

The evidence unquestionably established a lawful self-help repossession of the vehicle for there was undisputed evidence that Taylor was in default under the terms of the security agreement. As to the personalty within the car the state had to prove that there was an unlawful taking or unlawful appropriation of this property with the intention of depriving the owner, Taylor, of his property. Code § 26-1802 (a). The bank's criminal responsibility must of necessity be found in the conduct and in the specific acts of its agents and employees acting within the scope of employment and on behalf of the bank. Code §§ 26-801(b) 26-803. With the exception of the briefcase there is no evidence that any of the bank employees had any knowledge that the vehicle contained any personalty owned by Taylor at the time the car was taken. Even if the facts here as a matter of law were sufficient to show an unlawful taking of Taylor's personalty (which we do not decide), that alone would not authorize a conviction. In addition to an unlawful taking there must be evidence of another essential ingredient, viz., an intent to deprive or an intent to steal. Code § 26-1802 (a). Code § 26-1801 (a) states: " 'Deprive' means, without justification: (1) to withhold property of another permanently or temporarily; or (2) to dispose of the property so as to make it unlikely that the owner will recover it." The record reveals the complete absence of any act or action by the defendants which would authorize a finding of an intent to deprive the owner of his property. The conclusion is demanded by the evidence that each of the defendants had the contrary intent of not depriving the owner of his personal property. The evidence shows that the defendant bank and its agents had no intention other than to repossess the vehicle which it had the legal right to do both by contract and by statutory authority. Code § 109A-9—503 (Ga. L. 1962, pp. 156, 422). The evidence demanded an acquittal of each of the defendants.

*Judgment reversed. Bell, C. J., and Smith, J., concur.*

Argued February 1, 1977 — Decided February 28, 1977.

*Jones, Cork, Miller & Benton, Timothy K. Adams, Frank C. Jones, H. Jerome Strickland, Knight, Perry & Franklin, W. D. Knight,* for appellant.
*Vickers Neugent, District Attorney,* for appellee.