## 54002. BARNES v. THE STATE.

WEBB, Judge.

Luther Barnes was indicted by the grand jury for three counts of impersonating an officer (Counts 1, 2 and 3) and three counts of pointing a pistol at another (Counts 4, 5, and 6), was found guilty under Counts 2, 5, and 6 and now appeals.

1. Error is asserted on the failure of the trial court to allow Barnes' attorney to view a report used by a detective witness to refresh his memory while testifying. No objection was made when the trial judge instructed counsel that this document was not a public record and therefore unavailable to him, and, in fact, it appears from the record on appeal that the report sought to be obtained was included in the police report which counsel received from another detective and which was admitted into evidence. This enumeration is without merit. See *Blair v. State,* 230 Ga. 409, 411 (4) (197 SE2d 362) (1973); *Jackson v. State,* 112 Ga. App. 834, 835 (4) (146 SE2d 541) (1965).

2. Barnes attempted to explain certain aspects of his conduct by establishing his fear of one Winslett, who was the boyfriend of one victim and the brother of another. He complains that photographs of weapons which were allegedly booby-trapped by Winslett were ruled inadmissible. The trial court determined that the photographed devices had not been sufficiently connected to Winslett to make their pictures relevant to Barnes' fear of Winslett, and such questions are properly for the court to decide according to the facts of each particular case. *Dumas v. State,* 131 Ga. App. 79, 81 (4) (205 SE2d 119) (1974). We find no error.

3. The jury acquitted Barnes on one count of

impersonating an officer and one count of pointing a pistol at the same victim, found him guilty of both offenses as to a second victim, and not guilty of impersonating but guilty of pointing as related to a third victim. He argues that this verdict was repugnant because it was inconsistent with the facts produced at trial. We disagree.

The elements of the offenses involved here are established as they affect each individual against whom they are committed, and the validity of each conviction is in no way dependent upon the proof of the other alleged offenses. "The determinative factor in such cases is whether the acquittal of one charge necessarily includes a finding against a fact that is essential to conviction for the other charge[s]. If so, the evidence is then insufficient to support a verdict of guilty in the convicted charge[s]." *Conroy v. State,* 231 Ga. 472, 475 (202 SE2d 398) (1973); *Evans v. State,* 138 Ga. App. 620, 621 (1) (227 SE2d 448) (1976). The evidence here warranted convictions on some counts while it was insufficient as to others. Consequently the verdict was neither inconsistent nor repugnant.

*Judgment affirmed. Deen, P. J., and Marshall, J., concur.*

SUBMITTED JUNE 6, 1977 — DECIDED JUNE 14, 1977 — REHEARING DENIED JUNE 29, 1977 — 

*Glaze, Glaze, McNally & Glaze, Kirby A. Glaze,* for appellant.

*William H. Ison, District Attorney, James W. Bradley, Clifford A. Sticher, Assistant District Attorneys,* for appellee.