*Sinrich, Assistant District Attorney,* for appellee.

### 55282. WALKER v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant was tried for, under separate indictments, motor vehicle theft and theft by taking. At the close of the evidence the trial court granted defendant's motion for a directed verdict as to the charges of motor vehicle theft, but denied his motion for directed verdict as to the charge of theft by taking. The jury returned a verdict of guilty of theft by taking of a value of less than $100. Defendant appeals. *Held:*

1. Mr. Willie F. Troup entered into a security agreement with the Port Charlotte Bank of Port Charlotte, Florida, in September 1973 for the purchase of a new 1973 Buick station wagon automobile. Mr. Troup was to make 36 monthly payments and keep the car insured. At the time of purchase Mr. Troup was a resident of Florida but before the automobile was paid for, he returned to his native State of Georgia. During the latter part of 1974 he permitted his insurance coverage to lapse. In December 1974 he was notified by the Port Charlotte Bank that this was a violation of the terms of his contract and that if he failed to secure insurance on his own the bank would purchase it and charge the cost to him. On January 30, 1975, the bank notified Mr. Troup that they had purchased insurance coverage for him at a cost of $297.48.

During 1975 Mr. Troup also failed to keep his monthly payments current. Because of this arrearage the bank referred the account for collection to Graham Claims & Adjustments of Milledgeville, Georgia. The payments then were made current and Graham Claims submitted a bill to the bank in the amount of $127.12 for services rendered. Thereafter Mr. Troup kept his account current until he made his scheduled 36th payment in September 1976. Mrs. Troup then forwarded a letter to the bank making inquiry as to why they had not received title to their car. The bank responded, informing Mr. Troup that

although he had made the originally scheduled 36 payments he continued to owe the amounts expended for insurance and collection costs, $424.60.

Mr. Troup secured legal counsel who corresponded with the bank but the bank's response to Mr. Troup of January 11, 1977 informed him that unless he paid the remaining amount due "by Monday, January 24, we will have no choice but to seek recourse as provided by the terms of your contract."

On January 27, 1977, the bank again referred Mr. Troup's account to Graham Claims with instructions to: "Collect balance plus your charges or repossess." Graham referred the matter to the defendant, Mr. Donovan Walker, a " professional repossessor" and "an occasional agent" of Graham Claims, with instructions to "repossess the automobile."

Mr. Walker testified that he and his brother-in-law, John Bridges, picked the car up at the home of Mr. Troup, without his knowledge or consent, February 5th, 1977 — "at 2:45 a.m. of the 6th." He used keys that he had made from the numbers supplied to him by the bank and drove the car to the home of his mother-in-law. He looked around inside the car and "didn't see anything of value in it." He returned to the car later that same morning and made out a "condition report," in essence an inventory. He "looked under the seats, in the floorboard, [and] checked the spare tire," but didn't see anything except "some beer cans and a roll of toilet tissue." His report was received in evidence.

Mr. Troup discovered his car missing and reported it to the sheriff's office. He testified that he kept a number of tools in the station wagon, including a Black & Decker saw located in a storage compartment under the floor board in the rear of the vehicle and some other tools on top of the floor boards, but under the "flap" covering that compartment. The sheriff recovered the car and after the car was inspected, Mr. Troup found only a screwdriver.

The security instrument signed by Mr. Troup when he financed the car with the bank provided that the bank, in the event of default "shall have the right . . . to (a) declare the aggregate sum then remaining unpaid . . . immediately due and payable without notice or demand;

(b) enter any premises and without breach of the peace take possession of the property, . . . and (c) exercise any or all of the rights on default of a secured party under the Uniform Commercial Code . . . *In the event of repossession Buyer authorizes Seller or its assignee to take into custody any personal property found in or on the property and to hold the same until claimed by Buyer . . .*" (Emphasis supplied.)

The judge directed a verdict for defendant as to the charge of motor vehicle theft but submitted the theft by taking count to the jury. They returned a finding of guilty. We need address only one enumeration of error. Defendant alleges that there was a material variance between the proof presented at trial and the allegation charged in the indictment. We agree.

(a) The indictment charged defendant with "theft by taking for that the said Donovan 'Slim' Walker . . . did then and there *unlawfully take* tools . . . property of Floyd Troup of the value of more than $100.00, with the intention of depriving said owner of said property." (Emphasis supplied.) The offense of "theft by taking" is proscribed by Code Ann. § 26-1802 (CCG § 26-1802; Ga. L. 1968, pp. 1249, 1290; 1974, pp. 468, 469; 1975, pp. 876, 877), which delineates two separate, and alternative, types of theft under subsection (a). Under subsection (a), a person "commits theft by taking [1] when he unlawfully takes or, [2] being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of said property, regardless of the manner in which said property is [1] taken or [2] appropriated." This subsection clearly defines two separate and alternative methods of committing "theft by taking"; (1) where the original taking of the property is unlawful and the taker possesses the requisite animus furandi, *or* (2) if the taker is in lawful possession of the property, he unlawfully appropriates the owner's property to his own use, and possesses the requisite intent.

In the instant case it is obvious that the prosecutor chose the first type of theft for he charged defendant with theft of the motor vehicle and the unlawful taking of the personalty. However, when the judge directed a verdict of

acquittal in the unlawful taking of the automobile, because the bank had the right to exercise self-help repossession under the contract with Mr. Troup, and the bank also had the prior consent of Mr. Troup in the same security instrument to "take into custody any personal property found in" the repossessed car, the allegation of an unlawful taking was clearly refuted. The judge stated that "the state has not proven, number one, that the taking was illegal, or, two, that there was an intent to steal." See *First Nat. Bank &c. v. State,* 141 Ga. App. 471 (233 SE2d 861). This left the prosecutor with the sole method of salvaging his theft by taking indictment by arguing that "theft by taking" may also be committed by one who is in lawful possession where he "unlawfully appropriates" such property with the requisite criminal intent. The judge cooperated by charging the jury that " a person commits theft by taking when he unlawfully takes or being in lawful possession thereof unlawfully appropriates any property of another with the intention of depriving him of said property regardless of the manner in which said property is taken or appropriated."

Thus, the issue is narrowed to two questions: 1. Can the state indict a suspect and charge him with committing a criminal offense by one of two permissible methods, and prove that he committed the offense by a method not specified in the indictment? 2. Is it error for the court to charge that a crime may be committed by either of two methods, when the indictment charges it was committed by one specific method, and then charge the jury that they may convict the defendant if they find he committed the offense by a method other than the specific type charged in the indictment?

(b)  In discussing issues of variance between allegata et probata, *DePalma v. State,* 225 Ga. 465, 469 (169 SE2d 801), sets forth the rule we now follow. The Supreme Court found no prior general rule and adopted the criteria of Berger v. United States, 295 U. S. 78, 82 (55 SC 629, 79 LE 1314) that the rule that "allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence

offered at the trial; and (2) that he may be protected against another prosecution for the same offense."

However, the Berger test was but a rephrasing of a much earlier rule designed to test the sufficiency of an indictment, and that earlier rule has been reaffirmed in a post-Berger case. In United States v. Debrow, 346 U.S. 374, 376 (74 SC 113, 98 LE 92) the court held that "[a]n indictment is required to set forth the elements of the offense sought to be charged. 'The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, "and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." ' " The reason for such similarity is that the problem of sufficiency of an indictment is usually inextricably tied to the problem of variance of proof from the wording of the indictment. For example, in a post-*DePalma* case, *Bell v. State,* 227 Ga. 800, 802 (183 SE2d 357), our Supreme Court reaffirmed a pre-*DePalma* rule that " '[i]n criminal law an unnecessarily minute description of a necessary fact must be proved as charged; but an unnecessary description of an unnecessary fact need not be proved.' " Thus, there would be a fatal variance in proof if the prosecution failed to prove "an unnecessarily minute description of a necessary fact" required to be alleged in an indictment, but there would not be a fatal variance of allegata et probata if the prosecution failed to prove "an unnecessary description of an unnecessary fact." We have the same two problems tied together in the instant case — necessary allegations and necessary proof.

One old but sound rule appears to have come down through Georgia appellate decisions unchanged by later case law — including *DePalma.* The Supreme Court in *Fulford v. State,* 50 Ga. 591, 593 (1874), held: "We recognize the rule that it is not necessary to prove allegations in an indictment which are immaterial or purely surplusage. But the question is, what are immaterial averments? . . . Bishop says: 'If the indictment

sets out the offense as done in a particular way, the proof must show it so, or there will be a variance.' " Accord, *Shrouder v. State,* 121 Ga. 615 (1) (49 SE 702); *Jordan v. State,* 212 Ga. 337, 339 (92 SE2d 528); *Jackson v. State,* 39 Ga. App. 35 (145 SE 902); *Hightower v. State,* 39 Ga. App. 674, 675 (148 SE 300); *Baker v. State,* 137 Ga. App. 33 (1) (222 SE2d 865). And in *Hamby v. State,* 76 Ga. App. 549, 554 (46 SE2d 615), this court held "As we understand the rule, no averment in an indictment can be rejected as surplusage which is descriptive either of the offense or of the manner in which it was committed. All such averments must be proved as laid, or the failure to prove the same as laid will amount to a variance." Accord, 41 AmJur2d 1042, Indictments and Informations, § 266; 42 CJS 1286, Indictments and Informations, § 262.

Federal law is in agreement with this rule. The Fifth Circuit held "[i]f an indictment alleges particular facts as constituting an element of the charged crime, there is a variance if the trial judge admits evidence that makes out the element in a different manner." United States v. Lambert, 501 F2d 943 (5th Cir. 1974). In a criminal case of interference with interstate commerce by extortion, the United States Supreme Court in Stirone v. United States, 361 U. S. 212 (80 SC 270, 4 LE2d 252) stated: "[t]he variance between pleading and proof here involved was not insignificant and may not be dismissed as harmless error, because it deprived petitioner of his substantial right to be tried for a felony only on charges presented in an indictment returned by a grand jury." 361 U. S. 212 (b). In the instant case the defendant was indicted by the grand jury for the offense of "theft by taking" in that he did "unlawfully take" the property charged. He was convicted of "theft by taking" by being in lawful possession and wrongfully appropriating that same property. This is a fatal variance from the indictment returned by the grand jury. Again, in Stirone, the Supreme Court stated: "The Bain case, [Ex parte Bain, 121 U. S. 1 (7 SC 781, 30 LE 849)] which has never been disapproved, stands for the rule that a court cannot permit a defendant to be tried on charges that are not made in the indictment against him." 361 U. S. 212, 217. This error occurred in the case at the bar.

We fully understand the problem posed to the prosecution. However, whenever exigencies of proof exist as to whether an offense was committed in one of two methods proscribed by a statute, the prosecution may charge the accused in separate counts of a single indictment and let the jury select which method the evidence supports. *Hamby v. State,* 76 Ga. App. 549 (1) (46 SE2d 615). See also *Flournoy v. State,* 106 Ga. App. 756, 757 (128 SE2d 528).

2. One further matter requires discussion. The court charged the jury that the offense alleged, "theft by taking," could be proved when a person "unlawfully takes or being in lawful possession thereof unlawfully appropriates any property of another with the intention of depriving him of said property. . ." He further charged that the defendant had a right to take lawful possession of the automobile and the contents of the car, but "if the defendant did not so return any tools in the car . . . but rather intentionally withheld them from Mr. Troup and intentionally deprived him of the same, you would then be authorized to convict him of the charge. . ." Both charges are erroneous.

The defendant was indicted for committing theft by "wrongfully taking" the property. The judge defined the offense of "theft by taking" as one which could be committed by either of two alternative methods, not just by the method charged in the indictment. This could have misled the jury into the false belief that they could convict the defendant if *either* of the alternative methods was established by the evidence. This was followed by the specific charge that the jury could convict the defendant if he "intentionally withheld" the property from the owner. An instruction to a jury can be misleading "where it gives several definitions of the offense for which accused is being tried. . ." 1 Reid's Branson Instructions to Juries 293, 296, § 103. However, it need not be fatal where a court charges the general statute on different modes of commission "provided a definition is subsequently given applicable to the pleadings and the evidence." 1 Blashfield's Instructions to Juries 20, § 11. We have no remedial instructions in this instance. And, when it is combined with the subsequent charge, which is based upon a ground not

charged in the indictment, it cannot be said as a matter of law that it was not misleading. "It is reversible error for the court to submit a case to the jury upon a theory entirely different from that claimed in the [indictment]..." 1 Blashfield's Instructions to Juries 215, § 94; accord, 1 Reid's Branson Instructions to Juries 347, § 118.

In Stirone v. United States, 361 U. S. 212, supra, the Supreme Court held: "[s]ince the indictment did not charge interference with the exportation of steel from the State, it was prejudicial error to submit to the jury the question whether the extortion interfered with the exportation of steel." 361 U. S. 212 (a) supra. The court explained that "[t]he variance between pleading and proof here involved was not insignificant and may not be dismissed as harmless error, because it deprived petitioner of his substantial right to be tried for a felony only on charges presented in an indictment returned by a grand jury." 361 U. S. 212 (b), supra.

In criminal prosecutions the court's instructions to the jury must be tailored to fit the charge in the indictment and the evidence admitted at trial. ABA, Standards Relating to Trial by Jury ¶ 4.6; 1 Reid's Branson Instructions to Juries 338, 357, §§ 116, 120. This is particularly true when the offense charged may be committed in one of several ways, but the indictment charges one specific method. Accordingly, the instructions were erroneous as a matter of law, and because the defendant was indicted by the grand jury for unlawfully taking the property alleged but instructions by the court permitted the defendant to be convicted on proof of "unlawful appropriation" by "intentionally withholding" the property, there is a fatal variance of proof from the indictment returned by the grand jury. Hancock v. State, 127 Ga. App. 21, 22 (192 SE2d 435); Royal v. State, 134 Ga. App. 203 (213 SE2d 561); Evans v. State, 138 Ga. App. 620, 621 (227 SE2d 448).

3. To the extent that the language of Clark v. State, 138 Ga. App. 266 (4) (226 SE2d 89), is contrary to this opinion, it will not be followed: i.e., "... the statute ... also makes 'the manner in which said property is taken' irrelevant ... Nor was there a fatal variance between the indictment and proof . . . regardless of whether the

property is taken or appropriated and the manner of the taking or the appropriation . . . Moreover, even if part of the charge was not applicable, '[t]he giving of the entire Code section was not error where part was applicable.' "

The last sentence of the last paragraph requires elaboration. We do not contest the general rule that the giving of an entire Code section may not be error when a part of the statute is applicable. *Ford v. State,* 232 Ga. 511 (12) (207 SE2d 494). However, *Clark* cited *Highland v. State,* 127 Ga. App. 518, 519 (194 SE2d 332) and *Central of Ga. R. Co. v. Sellers,* 129 Ga. App. 811, 816 (5) (201 SE2d 485), as the basis for the rule they cited. *Highland* and *Sellers* were based upon *Pippin v. State,* 205 Ga. 316 (9) (53 SE2d 482) which added a caveat to the quoted rule. The Supreme Court said: "9. Though it is better for him not to do so, it is not usually cause for a new trial that the judge gives in charge to the jury an entire statutory or Code provision, a part of which is applicable and a part inapplicable to the case under consideration." In the opinion, the court went on to explain that after the trial court gave the general statute, thereafter he returned to the allegation contained in the indictment and they held: "By thus confining the jury to a conviction of the defendant only in the event they found that the defendant 'did keep these two girls, named in this indictment . . .' the court confined the charge to the particular portion of the section of the Code applicable to the offenses charged in the second and third counts of the indictment and the defendant was not harmed thereby." 205 Ga. p. 324. This rule is the same as that cited earlier at 1 Reid's Branson Instructions to Juries 293, 296, § 103 and at 1 Blashfield, Instructions to Juries 20, § 11. In the instant case, no later instruction limiting the findings to that alleged in the indictment was given. On the contrary, later instructions permitted the jury to convict if they found the evidence supported a form of theft not alleged in the indictment.

Although *Clark v. State,* 138 Ga. App. 266, supra, and *Evans v. State,* 138 Ga. App. 620, supra, were authored by the same division of this court, in essence they oppose each other. *Evans* correctly holds: "The state

argues that the offense of obstructing an officer may be committed in various ways so that it is not restricted to proof of the manner alleged in the indictment. We disagree. To permit the prosecution to prove that a crime was committed in a wholly different manner than that specifically alleged in the indictment would subject the accused to unfair surprise at trial and constitute a fatal variance under the standards enunciated in *DePalma v. State*, 225 Ga. 465, 469 (169 SE2d 801). See also *Seabolt v. State*, 234 Ga. 356 (216 SE2d 110); *Bell v. State*, 227 Ga. 800 (183 SE2d 357); *Leachman v. State*, 132 Ga. App. 423 (208 SE2d 196)." *Evans v. State*, 138 Ga. App. 620, pp. 621-622, supra.

*Judgment reversed. Webb, Smith, Shulman, and Birdsong, JJ., concur. Bell, C. J., Deen, P. J., McMurray, and Banke, JJ., dissent.*

ARGUED FEBRUARY 6, 1978 — DECIDED MAY 9, 1978 — REHEARING DENIED JUNE 16, 1978.

*Don P. Carpenter, Wilson R. Smith,* for appellant.
*Phillip R. West, District Attorney, James L. Wiggins, Assistant District Attorney,* for appellee.

MCMURRAY, Judge, dissenting.

This case involves another one of the so-called self-help repossessions in which the repossessing person has been charged with theft. Here the defendant was indicted and tried under separate indictments for motor vehicle theft and theft by taking. At the close of the evidence the trial court granted a motion for directed verdict as to the charge of motor vehicle theft but denied defendant's motion for directed verdict as to the charge of theft by taking. The indictment charging theft by taking involved the unlawful taking of personal property, that is, property of another of the value of more than $100, allegedly taken "with the intention of depriving said owner of said property."

The majority here in reversing the judgment of conviction contends there is a fatal variance of proof from the indictment returned by the grand jury contending the

defendant has been indicted for the taking of the owner's property whereas by reason of the charge to the jury the court has allowed the defendant to be convicted of unlawfully appropriating the owner's property. The basis for this ruling, which is based on a rather lengthy decision, is that the court first directed a verdict for the defendant as to the unlawful taking of the motor vehicle, and thus made a finding that the defendant was not unlawfully in possession of the motor vehicle, and having legal possession of the motor vehicle could only be guilty of unlawfully appropriating the personal property in the vehicle. The majority contend that the indictment is based solely on a charge of unlawfully taking which in and of itself excluded the charge of being in lawful possession thereof and unlawfully appropriating the property; hence, there was a fatal variance between the allegata et probata.

In reaching this decision the majority also have sought to overrule language found in *Clark v. State,* 138 Ga. App. 266 (4) (226 SE2d 89), wherein it was held that the statute, Code § 26-1802 (a), does not define unlawful taking, that is, a person must either unlawfully take or unlawfully appropriate in order to convict himself and makes "the manner in which said property is taken," irrelevant, thus not requiring a definition of the term "unlawfully taking." In the *Clark* case at p. 269 it continues as follows: "[T]he gravamen of the offense is the taking of the property of another against the will of such other," citing *Stull v. State,* 230 Ga. 99, 100 (196 SE2d 7), and "regardless of whether the property is taken or appropriated and the manner of the taking or the appropriation" there was no fatal variance between the indictment and the proof. Judge Stolz in that opinion cited *Dobbs v. State,* 235 Ga. 800 (3) (221 SE2d 576), and *Ingram v. State,* 137 Ga. App. 412 (3b) (224 SE2d 527) which hold our courts should no longer tolerate over-technical applications of the fatal-variance rule.

I call attention here to the indictment in the case of *Clark v. State* that the defendant was charged with unlawfully taking money, the property of another, with the intention of depriving said owner of said money. I agree fully with Chief Judge Bell and Judges Clark and

Stolz therein that under such an indictment if the evidence was sufficient to support the charge the defendant could have been found guilty of either unlawfully taking or unlawfully appropriating the property of another "against the will of such other."

Under the above circumstances I cannot agree with my learned brothers of the majority. The above language in *Clark v. State,* supra, is correct and should be followed. I do not agree that under the indictment here the defendant could only be convicted of first unlawfully taking the personal property and thus could not be convicted of unlawfully appropriating the property. I cannot agree that since the court had directed the verdict as to the automobile theft this was a finding that there was no unlawful taking and that the court in charging as to unlawful appropriation was an erroneous charge under the indictment thus creating a fatal variance between the proof and the indictment.

I am in full agreement with the holding in *Clark v. State,* supra, and I would adhere to same. The court did charge the jury that the defendant did have a right to take lawful possession of the automobile and any contents of the automobile; that he would not be guilty of theft in this case by merely taking the automobile with its contents but if the personal property contained therein was not returned to the rightful owner, that is, "intentionally withheld" and "intentionally deprived [the owner] of the same, you [the jury] would then be authorized to convict him of the charge, bearing in mind that the State would have to prove any such intent."

I, therefore, disagree with the majority in the opinion as written and in its judgment of reversal, as I would affirm the judgment. I, therefore, respectfully dissent.

I am authorized to state that Chief Judge Bell and Presiding Judge Deen join in this dissent.

BANKE, Judge, dissenting.

1. While I can agree with most of what has been said in the majority opinion as it pertains to abstract principles of law, it is my view that the majority has assumed one important fact which is not in evidence, nor is it even supported circumstantially by the transcript.

The majority has assumed, to reach the opinion it has, that the appellant took possession of the tools intentionally at the time he took the station wagon. This is clearly refuted by the record. The owner testified that he used the well under the floor board as a storage place for his tools and that the well was covered with a "flap" (T-38). It is undisputed that the station wagon was taken during the night time under somewhat stealthy and sensitive circumstances. Nowhere in the record is there any evidence that the appellant knew the tools were in the automobile when it was lawfully spirited away. In fact, the circumstantial evidence is overwhelming that he did not know he had possession of the tools until later, when he had an opportunity to find them under the floor board. As determined by the jury, it was at this time that he unlawfully took the tools with the intention of depriving the owner of said property. This was the way he was indicted, the jury so found, and the conviction should be affirmed.

2. Assuming, arguendo, that the defendant in the dead of night searched and inventoried the station wagon before he removed it and, thus, knew the tools were in the well under the floor board, the criterion stated in *DePalma v. State,* 225 Ga. 465, 469 (169 SE2d 801) (1969) would still be met under the subject indictment. The defendant certainly knew what the charge against him was so that he could prepare his defense and would also be protected against another prosecution for the same offense. Further, the defendant was not charged with a separate and different crime from the one proved. See *Hunt v. State,* 229 Ga. 869 (195 SE2d 31) (1972). The majority in this case has made an overly-technical application of the fatal variance rule which goes beyond the constitutional standards set forth by the United States Supreme Court in Berger v. United States, 295 U. S. 78, 82 (55 SC 629, 79 LE 1314), and which, in my judgment, cannot be justified.

I respectfully dissent.