### 72358. COOK v. THE STATE.
(348 SE2d 687)

CARLEY, Judge.

Appellant was tried before a jury and found guilty of simple battery and two counts of theft by taking. He appeals from the judgments of conviction and sentences entered on the jury verdicts.

While hitchhiking, appellant was first offered a ride by the victim and was then subsequently allowed to drive the victim's van. When appellant began driving in the wrong direction, the victim complained. The altercation culminated in appellant striking the victim several times and driving off with the van. The victim was left lying beside the road. Appellant was later apprehended in the van. In his pocket was $680 which the victim had kept hidden in a bag behind the seat of the van. Appellant's sole enumeration is that the trial

---

[4] *Cuevas v. State*, 151 Ga. App. 605, 613 (E) (260 SE2d 737) (1979), deals only with a federal context.

court erroneously failed to direct a verdict of acquittal as to one of the counts of theft by taking. His contention is that the theft of the $680 was "included" in the theft of the van. See OCGA § 16-1-7 (a) (1); *Estevez v. State*, 232 Ga. 316 (206 SE2d 475) (1974).

"A person commits the offense of theft by taking when he unlawfully takes . . . any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken. . . ." OCGA § 16-8-2. "Where several articles are stolen at one time, there is only one larceny, whether the ownership is in one person or in different persons." *Dean v. State*, 9 Ga. App. 571 (71 SE 932) (1911). However, the crime of theft is not committed until the act of taking another's property coincides with the intent to deprive him of it. See generally OCGA § 16-2-1; *First Nat. Bank &c. Co. v. State*, 141 Ga. App. 471 (233 SE2d 861) (1977). Although the money was in the van at the time the van was stolen, the jury was authorized to find that appellant was not then aware of its presence. Thus, although the act of stealing the van also had the additional effect of taking the victim's money, appellant, at that point, lacked the requisite intent to steal the money. The jury was also authorized to find that, when appellant did subsequently find the money, he pocketed it. Compare *First Nat. Bank &c. Co.*, supra. Appellant's act of physically taking the money from its hiding place, coupled with the then present intent to steal it, was thus a second criminal act against the property of the victim, which was separate and distinct from the earlier theft of the van. See OCGA § 16-8-2. Compare *Brogdon v. State*, 138 Ga. App. 900, 901 (228 SE2d 5) (1976), wherein "the theft was under *one impulse* and thus was only one theft." (Emphasis supplied.) Compare also *Johnson v. State*, 130 Ga. App. 134, 135 (202 SE2d 525) (1973), holding that "[w]hether the contents were later unloaded is of no consequence, since the theft occurred when the van containing them was *stolen with intent to deprive the owner of the contents*." (Emphasis supplied.) Accordingly, the trial court did not err in failing to grant appellant's motion for a directed verdict of acquittal as to one of the counts of theft by taking.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 2, 1986.

*Jack E. Carney, Jr.*, for appellant.
*Dupont K. Cheney, District Attorney, David C. Walker, Assistant District Attorney*, for appellee.