31795.   LANIER *v.* STATE.

DECIDED DECEMBER 5, 1947.

*W. G. Neville,* for plaintiff in error.

*Fred T. Lanier, Solicitor-General,* contra.

TOWNSEND, J. (After stating the foregoing facts.) In his brief counsel for the defendant insists only that the evidence was not sufficient to support the verdict, as contended in the general grounds of the motion for new trial, because there is, as he contends, a fatal variance between the proof and the pleadings as to the description of the hogs. All the evidence contained in the record regarding the size of the hogs is that they weighed approximately 125 pounds each, the size alleged. All the evidence contained in the record as to the value of the hogs is that all three were worth approximately $80, the amount alleged. All the evidence contained in the record with regard to the sex of the hogs is that two were sows or gilts, and that one was a

barrow, the sex alleged in the indictment. However, the evidence is somewhat confusing as to which of the hogs were sows and which was a barrow. It will be noted from the statement of facts hereinbefore set out that the witness Blackburn said of the hogs that the defendant and others were in the act of stealing when he surprised them; "I knew about the hogs which you have just described when reading the indictment to the jury being there in the pen." He also testified that "one was a red, black sandy hog, two black sandy hogs, one barrow, two gilts." He also testified: "The two we found dead fit the description of two we have described there in the indictment." There was no demurrer to the indictment. It is not insisted that the description as alleged in the indictment was insufficient, it being contended only that the same was not established by the evidence.

In *Timmons* v. *State*, 14 *Ga. App.* 802 (1) (supra), the following was held: "While (as is frequently the case in such matters) the different witnesses disagreed in describing the color of the cow alleged to have been stolen, there was some evidence, descriptive of the color of the cow, which was substantially conformable to the description in the indictment; and since the comparative weight to be attached to the testimony of the different witnesses is a matter addressed peculiarly and solely to the jury, it can not be said that there was a fatal variance between the allegata and probata." In *Cross* v. *State*, 64 *Ga.* 443 (2), it was held: "The allegata and probata sufficiently agree where the hog is described as black-spotted and weighing twenty-five pounds, and proven to be of that weight and having black spots, though sandy-colored generally. It makes no difference that the special presentment charges that the hog's mark was unknown, and the proof is that he was in mark of the witness, who owned and identified him."

On the trial of a defendant charged with larceny, where there is some evidence descriptive of the stolen property which is substantially conformable to the description alleged in the indictment, and nowhere contradictory thereof, the identity of the stolen property is a matter addressed peculiarly and solely to the jury, and in such case there is not a fatal variance between the allegata and the probata.

In the instant case, the evidence as to the description of the stolen hogs sufficiently conformed to the description in the indictment to make their identity a question for the jury. By its verdict the jury resolved this question against the defendant, and the trial judge gave the same his approval. This court will therefore not disturb it.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*