## 28587. PERKINS v. THE STATE.

NICHOLS, Justice. James Warren Perkins was indicted, in separate indictments, for the offenses of murder and theft by taking. He was convicted of murder and acquitted on the charge of theft by taking. Both indictments arose out of the same transaction. The deceased along with 3 companions went to a rock quarry in the City of Macon, Georgia to swim; they left some articles of clothing, cigarettes and wallet in the automobile while they swam. When one of the victim's companions returned to the automobile it was discovered that these items were missing.

When another companion yelled "whoever you are, give us back our stuff," another companion urged all of the group to get into the car and leave for fear of trouble. As they started to leave the scene in the automobile, shots were fired. One struck the deceased in the head causing her death. When the third companion of the victim hollered that someone had been shot, laughter was heard coming from the same direction as the shots. The defendant and his co-indictees were seen with 2 rifles and a pistol, as well as ammunition of the same caliber as that used to kill the victim, prior to the incident; were at the quarry when the shooting took place; and were seen together later with items of clothing resembling those stolen from the automobile. The brother of one of the co-indictees testified that the third co-indictee stated in the defendant's presence that they had killed a "nigger," and that he knew that the co-indictee was referring to a white person by the descriptive term "nigger" because he called black people "dudes." This witness further testified that the defendant and his co-indictees thereafter hid the rifles inside the wall of the bathroom of a residence by placing them in a hole in the wall and covering the same with a cloth. A sister of one of the co-indictees also testified that the statement was made in the presence of the defendant that they had killed a "nigger." It was stipulated that the fatal shot was not fired from the rifle identified as belonging to the defendant. The defendant's unsworn statement was limited to a denial that he had shot at anybody and that he did not hear his co-indictee make any statement in front of him. Of the two companions of the victim who testified on the trial of the case one had identified the defendant in a line-up while the other did not. The testimony showed that the shots were fired at a distance of 75 to 100 yards from the automobile in which the victim and her companions were located. The number of shots fired was estimated at between 4 and 8 by the victim's companions. *Held:*

1. Code Ann. § 26-801 (a) provides: "Every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime." Subsection (b) of the same Code section provides that a person is concerned in the commission of a crime only if he "(3) intentionally aids or abets in the commission of the crime." The evidence set out above is sufficient to authorize a finding that each of the co-indictees, by his conduct, encouraged, aided and abetted in the firing of shots at the automobile in which the victim and her companions were

located. As to the applicability of this Code section, see *Scott v. State*, 229 Ga. 541 (192 SE2d 367) and *Swarn v. State*, 230 Ga. 552 (198 SE2d 177). The defendant's conviction was based on more than his mere presence at the scene of the tragedy, and such conviction was authorized under the evidence.

2. During the trial of the case objection was made to testimony introduced by the state upon the ground that such testimony was hearsay. The testimony objected to was the statement attributed to a co-indictee that they had killed a "nigger." Both witnesses who testified as to this statement being made also testified that the defendant on trial was present on each occasion when the statement was repeated. The defendant, in his unsworn statement, denied that he was present when any such statement was made. A jury question was presented as to the defendant's presence, but such testimony was not objectionable as being hearsay.

3. The trial court did not err in admitting into evidence the rifle identified as belonging to the defendant where there was evidence that he was in possession of such gun before the commission of the crime, left to go to the scene of the crime with the gun, was at the scene of the crime, returned from the scene of the crime with the gun and attempted to hide the gun thereafter. Compare *Wilson v. State*, 215 Ga. 782 (2) (113 SE2d 447). Under the evidence the jury was authorized to conclude that shots were fired from more than one gun and that while the fatal shot was not fired by the defendant (it being stipulated that the shot was not fired from the defendant's gun), shots were fired from this gun during the assault upon the victim and her companions.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 15, 1974 — DECIDED FEBRUARY 7, 1974.

*Randall & Turner, William C. Randall, Bernice Turner,* for appellant.

*Fred M. Hasty, District Attorney, Walker P. Johnson, Jr., Arthur K. Bolton, Attorney General, William F. Bartee, Jr., David L. G. King, Jr., Assistant Attorneys General, John B. Ballard, Deputy Assistant Attorney General,* for appellee.