49492. LEACHMAN v. THE STATE.
49493. MEALOR v. THE STATE.

WEBB, Judge.

Defendants appeal from the judgments of conviction and sentences entered after their joint trial for theft by taking of a tractor lawn mower. The indictment alleges that defendants took "one Economy tractor-Power King and mower of the value of $1545.00" belonging to Wyman Barrineau.

Barrineau testified that he owned an Economy fourteen horsepower tractor lawn mower; that he was awakened at approximately 2:30 a. m. by the barking of his dog; that he heard gravel grinding on the gravel road which was approximately 1/4 mile from his house, but heard no engine and saw no lights; that he lived on a blacktop road and Albert Davis lived on the gravel road; that he had heard this type of sound before on the gravel road at his KOA campground, and it was caused by the tires of a heavy vehicle; that at approximately 10:30 that morning he discovered the tractor mower had been stolen and called the sheriff's department; that he and the investigating officers discovered that the tractor, which had been placed in a storage shed the night before, had been removed from the shed, and from the tire tracks and marks it was ascertained that the tractor was pushed backward from the shed, turned around in the lot, pushed through a field around an empty house and onto the

blacktop road in the direction of Albert Davis' house; that the tractor was a 1972 fourteen horsepower Economy tractor with a value of $1545.00, red or orange in color, weighing approximately 700-800 pounds, with wide front-end steering and independent drive wheels on the back, a belly mower mounted underneath the center, regular tractor suspension on the back, and a mechanical disc for attaching small accessories.

Mrs. Albert Davis testified that at the time in question she and her husband lived on the gravel road down from Mr. Barrineau, and that defendants came to her house about 3:30 a. m. and asked for Albert, who was kin to defendant Leachman. Albert Davis testified that he knew the defendants; that they had come to his house between 2:30 and 3:00 a. m. towing a tractor behind their automobile, and asked if they could leave it there for the night; that he helped them conceal it in a weed patch where it could not be seen from the road; that it was a red Economy Auto fourteen horsepower tractor, with a mower underneath it; that he figured it was "hot," and when he saw defendants in town later in the day he told them he wanted the mower moved; that defendants rented an enclosed U-Haul trailer, and the three of them went to his house; that defendants loaded the mower into the U-Haul to take it to a place in Athens.

Defendant Leachman testified he had never seen the "tractor, Power King and mower" which had been testified about as being stolen.

1. Defendants contend that there is a fatal variance between the allegations in the indictment and the evidence adduced at trial with respect to the description of the stolen mower. "On the trial of a defendant charged with larceny, where there is some evidence descriptive of the stolen property which is substantially conformable to the description alleged in the indictment, and nowhere contradictory thereof, the identity of the stolen property is a matter addressed peculiarly and solely to the jury, and in such case there is no fatal variance between the allegata and the probata." *Lanier v. State,* 76 Ga. App. 261 (45 SE2d 689). "We have not been able to locate any Georgia cases which set out a general rule to be applied in the determination of whether or not a variance

between the allegation and the proof is so material that it is fatal. The United States Supreme Court, however, has evolved a criterion which seems to us to be reasonable. 'The general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense.' [Cits.] Clearly, the variance complained of here, would not subject the accused to either of these dangers." *De Palma v. State,* 225 Ga. 465, 469 (169 SE2d 801). Accord: *Bell v. State,* 227 Ga. 800, 801 (183 SE2d 357). "What was required in this situation was that the State present evidence which sufficiently identified the tractor as being the same one which had been purloined from [Barrineau]." *Herring v. State,* 122 Ga. App. 730, 731 (178 SE2d 551). See also *Reece v. State,* 125 Ga. App. 49 (1) (186 SE2d 502); *Holbrook v. State,* 129 Ga. App. 129 (2) (199 SE2d 105). We find no fatal variance.

2. Counsel for appellants orally argued the rule stated in *Higginbotham v. State,* 124 Ga. App. 489, 490 (184 SE2d 231) "that unexplained possession of recently stolen goods can be used *in conjunction with other evidence* to infer guilty knowledge, but *standing alone* it will not support the inference or authorize a conviction." That rule was applied to a conviction and sentence for theft by receiving stolen goods. The cases sub judice are convictions for theft by taking, the evidence amply supports the convictions, and the general grounds are without merit.

*Judgment affirmed. Eberhardt, P. J., and Pannell, P. J., concur.*

ARGUED JULY 8, 1974 — DECIDED JULY 16, 1974.
Theft by taking. Jackson Superior Court. Before Judge Dunahoo.

*James L. Brooks, Eddie Benton, James Horace Wood,* for appellants.

*Nat Hancock, District Attorney,* for appellee.