58092. BROOKS et al. v. THE STATE.

UNDERWOOD, Judge.

Appellants, Brooks and Shelnutt, were found guilty in the Superior Court of Clarke County of two counts of entering an automobile with the intent to commit theft and one count of criminal attempt to enter an automobile with the intent to commit theft. They appeal on the general grounds their convictions of one count of entering an automobile with the intent to commit the theft and the single count of criminal attempt to enter an automobile with the intent to commit a theft.

1. The evidence authorized the jury to find that on the night of September 7, 1978 Officer Carroll of the Athens Police Department was on a stakeout of a shopping center parking lot in Athens. Officer Carroll was positioned on the roof of a grocery store and two other officers were on the ground. About 11:00 p. m. Officer Carroll observed a black over gold Rambler automobile enter the parking lot. Two men, later identified as Brooks and Shelnutt, got out of the automobile and started peering into car windows. Officer Carroll saw one of the

two men open a car door and enter what he later described as a Chevrolet Chevelle. Although he could not see anyone in the car, he saw the door opened by one of the two men and the interior light go on in the car.

Officer Carroll called a patrol car which arrived as Brooks and Shelnutt were driving out of the parking lot and they were stopped and arrested a short distance away from the parked automobiles. A blue vinyl bag with a hair dryer in it, a purse, some checks not in the name of the suspects, and two straightened-out coat hangers were found in the car. The owner of the vehicle in question found nothing missing, however, he testified that he left his car unlocked.

The indictment charged appellants with breaking into a 1967 Chevrolet Chevelle and the owner testified that the car was actually a 1972 Chevrolet Chevelle. Appellants contend that because of the imprecise identification of the car as to model year; that because Officer Carroll was unable to see anyone actually in the car; and that because only one of two participants entered the car, the evidence is insufficient to support a finding of guilty.

Code Ann. § 26-1813.1 provides, in pertinent part: "If any person shall enter any automobile . . . with the intent to commit a theft . . . he shall be guilty of a felony . . ."

We have held, in a theft by taking case where it was contended there was a fatal variance between the allegata and probata with respect to the description of a stolen mower, that " 'On the trial of a defendant charged with larceny, where there is some evidence descriptive of the stolen property which is substantially conformable to the description alleged in the indictment, and nowhere contradictory thereof, the identity of the stolen property is a matter addressed peculiarly and solely to the jury, and in such case there is no fatal variance between the allegata and the probata.' *Lanier v. State,* 76 Ga. App. 261 (45 SE2d 689)." *Leachman v. State,* 132 Ga. App. 423, 424 (208 SE2d 196) (1974). In this case Officer Carroll described the car in question as a '69 Chevrolet Chevelle, and the indictment referred to it as a 1967 Chevrolet Chevelle but the owner testified at trial that it was a 1972 Chevrolet Chevelle. However the testimony did not create

any serious question as to whether the Chevrolet Chevelle described in the indictment was the same car Officer Carroll saw entered. Officer Carroll testified that he "went to the cars that had been entered and ran a license check and found out who the owners were."

There is no question that the owner's car was entered without his permission by either Brooks or Shelnutt, and the fact that Officer Carroll could not state which of the two entered the car is not grounds for reversal. The evidence indicated they drove into the parking lot together, started looking in parked cars, entered the cars without authority of the owner, one of which was locked and was opened by use of a coat hanger, (Count 2 from which no appeal is taken) and property was taken without authority from one car. This is sufficient to show the two men were acting together. Code Ann. § 26-801 (a) provides that "Every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime." Code Ann. § 26-801 (b) provides, in pertinent part, "A person is concerned in the commission of a crime only if he: (1) directly commits the crime; . . . or (3) intentionally aids or abets in the commission of the crime; . . ." It is apparent that both appellants were "concerned" in the commission of the offense of entering Pittard's automobile without authority, and both are guilty of the offense regardless of which one of them actually entered the car. *Perkins v. State,* 231 Ga. 680 (1), 681, 682 (203 SE2d 854) (1974); *Loder v. State,* 140 Ga. App. 166, 169 (230 SE2d 124) (1976); *Hannah v. State,* 125 Ga. App. 596, 598 (188 SE2d 401) (1972). Intent may be proved by "conduct, demeanor . . . and other circumstances connected with the act for which the defendant was being prosecuted." *Poole v. State,* 130 Ga. App. 603 (3), 605 (203 SE2d 886) (1974). Considering the evidence relating to Brooks' and Shelnutt's conduct and actions, together with their positive identification by Carroll, the evidence is sufficient to support the jury's verdict as to Count 1.

2. With regard to conviction of the appellants of an attempt to enter an automobile with intent to commit a theft, the evidence indicated on September 13, 1978 Walter Barton was sitting in the lobby of the 10th floor of

this apartment building when he saw two men enter the parking lot and try to get into four different cars. They tried to open the door of his wife's 1973 Buick by pulling the handle. They could not get the door open, so they tried again on another car and a van. A woman came to the parking lot and the two men crouched behind the van. After the woman left the two men tried to open her car door.

The police were called and Barton described the men and what he had observed. The appellants were arrested in the area.

The indictment refers to the attempt by the appellants to enter a 1973 Ford, while Barton testified the car was actually a 1973 Buick. Appellants repeat their contentions that this constitutes a fatal variance between the allegata and probata.

In *DePalma v. State,* 225 Ga. 465, 469 (169 SE2d 801) (1969) the Supreme Court stated that "We have not been able to locate any Georgia cases which set out a general rule to be applied in the determination of whether or not a variance between the allegation and the proof is so material that it is fatal. The United States Supreme Court, however, has evolved a criterion which seems to us to be reasonable. The general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense.'" Applying these tests, we believe the appellants were informed that they were charged with wrongfully attempting to enter a car owned by Mrs. Barton, and as there is no evidence that she owned any other car on September 13, 1978 appellants are protected against another prosecution for the same offense. Accordingly, there was no fatal variance between the allegata and probata. The evidence was sufficient for the jury to conclude that a "substantial step" toward entering the automobile was taken by the appellants as required by Code § 26-1001.

*Judgment affirmed. McMurray, P. J. and Banke, J.,*

*concur.*

SUBMITTED JULY 11, 1979 — DECIDED SEPTEMBER 18, 1979.

*Vicki C. Affleck,* for appellants.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.