## 63203. FLEMING v. THE STATE.

SOGNIER, Judge.

Fleming was convicted of armed robbery and appeals on the general grounds; he also contends it was error to deny his motion for a new trial for the same reason.

William Butler, a GBI agent, was riding in a patrol car and received a radio communication that a van occupied by five men believed to be fugitives from the Georgia Penal System were in a van stopped in a service station in Brooklet, Georgia. Butler proceeded to Brooklet, as did police officers from several law enforcement agencies. On Butler's arrival he thought he recognized appellant, but was not certain. Therefore, Butler crossed the street to where the van was located, took appellant by the arm and turned him around. On

recognizing appellant Butler told him he was under arrest and to go across the road. After about two steps appellant pulled away from Butler and then tried to grab him. Butler started to reach for his gun when one of the other men at the van pointed a pistol at Butler's head and said "don't do it," or words to that effect. Appellant then took Butler's pistol, and several other police officers were disarmed and forced to lay on the ground. As another police car approached, one of the police officers was shot in the arm; the five men then fled the scene in the van and three police vehicles.

Appellant contends the evidence does not support a conviction of armed robbery, as there is no evidence that he was armed at the time he took Butler's gun. However, the evidence established that the five men in the van acted together, and one of the men pointed an automatic pistol at Butler while appellant took Butler's gun. Georgia Code § 26-801 (a) provides that every person concerned in the commission of a crime is a party thereto. A person is concerned in the commission of a crime only if he "intentionally aids or abets in the commission of the crime." Code § 26-801 (b). It is clear that appellant aided in the commission of the offense of armed robbery, for appellant took Butler's gun while one of the appellant's companions held a gun on Butler. While Butler's weapon was being taken, two other police officers had been forced, at gunpoint, to surrender their weapons, and the five men fled the scene together, albeit in separate vehicles.

This evidence is more than sufficient to authorize a finding that appellant, by his conduct, was "concerned" in the armed robbery of Butler. *Perkins v. State,* 231 Ga. 680, 681 (1) (203 SE2d 854) (1974); *Dixon v. State,* 243 Ga. 46, 47 (1) (252 SE2d 431) (1979); *Brooks v. State,* 151 Ga. App. 384, 386 (1) (259 SE2d 743) (1979). We further find that a rational trier of fact could find from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Accordingly, the enumerations of error are without merit.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED APRIL 14, 1982.

*Robert Simmons Lanier, Jr.,* for appellant.

*J. Lane Johnston, District Attorney, N. Jackson Cotney, Assistant District Attorney,* for appellee.