## S11A0415. ROSCOE v. THE STATE.

(707 SE2d 90)

THOMPSON, Justice.

A jury found Maurice Roscoe guilty of malice murder, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon in connection with the fatal shooting of Pierce McCladdie, Jr.[1] Roscoe appeals from the trial court's denial of his motion for new trial, arguing that the trial court erred in its charge to the jury and allowing the State to prove the offense of possession of a firearm by a convicted felon in a manner not charged in the indictment. We affirm.

1. Viewed in the light most favorable to the verdict, the record shows that on the night of the crimes Roscoe accused the victim's brother, Lance Lampkin, of having an affair with Roscoe's girlfriend. The two men exchanged words and the victim, his girlfriend, and Lampkin drove away. Roscoe followed and, after pulling up next to Lampkin's car at a traffic light, fired several shots at the car. The victim died from a single gunshot to the head from a nine-millimeter gun. Roscoe was discovered by police at a local hotel, where they recovered a nine-millimeter gun from under the mattress in the room where he was staying. A nine-millimeter cartridge casing was discovered in the car Roscoe was driving on the day of the crimes. We find this evidence sufficient to enable a rational trier of fact to find Roscoe guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Citing *Edge v. State*, 261 Ga. 865 (414 SE2d 463) (1992), Roscoe contends the trial court erred by failing to instruct jurors that they must first determine whether mitigating evidence of passion or provocation would cause the offense of murder to be reduced to voluntary manslaughter. Roscoe, however, was convicted of malice murder and "there can be no harmful *Edge* violation when the jury convicts on a malice murder charge." *Taylor v. State*, 271 Ga. 497 (2) (521 SE2d 814) (1999).

3. Roscoe argues that the trial court erred by allowing the State to prove the offense of possession of a firearm by a convicted felon in a manner not charged in the indictment. The indictment in this case charged Roscoe with possession of a firearm by a convicted felon in that

---

[1] The crimes occurred on February 20, 2007, and a Richmond County grand jury returned the indictment on April 17, 2007, charging Roscoe with malice murder, felony murder with aggravated assault as the underlying felony, possession of a firearm in the commission of a crime, and possession of a firearm by a convicted felon. The jury found Roscoe guilty of all charges on August 27, 2008. On September 19, 2008, the trial court sentenced Roscoe to life in prison on the malice murder count and two consecutive five-year terms of imprisonment on the possession counts. The felony murder conviction was vacated by operation of law. Roscoe filed a motion for new trial on September 24, 2008, which was denied on September 1, 2010. A notice of appeal was filed on September 8, 2010, and amended on October 18, 2010. The case was docketed in this Court for the January 2011 term and submitted for decision on the briefs.

he did possess a firearm after having been convicted in September 1997 in the Superior Court of Jenkins County of the offense of theft by taking, a felony. At trial, however, the State submitted a certified copy of Roscoe's 2001 Richmond County conviction for felony possession of cocaine because it discovered the Jenkins County offense may not have constituted a conviction as Roscoe received first offender treatment.

Even assuming that evidence of a different conviction was a variance from the allegations in the possession counts in the indictment, we conclude it did not constitute a fatal variance requiring reversal. See *Miller v. State*, 283 Ga. 412, 416 (658 SE2d 765) (2008) ("[I]t is irrelevant to a charge under OCGA § 16-11-131 (b) what felony formed the basis of the prior conviction, and specification of the underlying felony in the indictment is unnecessary.").

> Our courts no longer employ an overly technical application of the fatal variance rule, focusing instead on materiality. The true inquiry, therefore, is not whether there has been a variance in proof, but whether there has been such a variance as to affect the substantial rights of the accused. It is the underlying reasons for the rule which must be served: 1) the allegations must definitely inform the accused as to the charges against him so as to enable him to present his defense and not to be taken by surprise, and 2) the allegations must be adequate to protect the accused against another prosecution for the same offense. Only if the allegations fail to meet these tests is the variance fatal. [Cits.]

*Delacruz v. State*, 280 Ga. 392, 396-397 (3) (627 SE2d 579) (2006).

The indictment in this case sufficiently informed Roscoe of the firearm possession charges against him and he has not shown that he was unable to present a viable defense to such charges or that he was surprised or misled at trial by the admission of his 2001 conviction to establish his status as a convicted felon. Moreover, there is no danger that Roscoe was being prosecuted a second time for the same offense. In the absence of any evidence that Roscoe's rights were affected, there was no fatal variance between the allegations and proof in this case and Roscoe's motion for new trial was correctly denied.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 7, 2011.

*Peter D. Johnson*, for appellant.

*Ashley Wright, District Attorney, Charles R. Sheppard, Assistant District Attorney, Thurbert E. Baker, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Sheila E. Gallow, Assistant Attorney General*, for appellee.