**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be**
**_physically received_ in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**June 18, 2013**

# In the Court of Appeals of Georgia

A13A1422. WHITE v. THE STATE.

BOGGS, Judge.

A Dougherty County jury convicted Brian Jeremy White of attempted burglary. White appeals, arguing that insufficient evidence supports his conviction and that a fatal variance exists between the indictment and the evidence presented by the State. For the following reasons, we affirm.

When we review the sufficiency of the evidence,

the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Once a defendant has been found guilty of the crime charged, the

factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution.

(Citations omitted; emphasis in original.) *Jackson v. Virginia*, 443 U.S. 307, 318-319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979). So viewed, the record shows that on the morning of September 13th, 2010, a homeowner left his adult daughter alone at his home. No visitors were expected that morning. Sitting in her father's living room, the daughter heard multiple hard knocks on the carport door to the house.

When the daughter looked through the door's peep hole, she observed a young man on the other side. While she looked for a key to open the door, the man rang the doorbell over and over again, kept "banging" on the door, and shook it, "trying to open the door." Irritated, the daughter opened the door and asked the young man what he wanted. When confronted by the daughter, the young man told her "um, um, um, I have the wrong house." The daughter slammed the door shut, returned with pen and paper to write down the tag number and description of the vehicle, and observed the man from the door standing beside a maroon truck backed up into the carport with the tailgate down. Two other men were in the cab of the truck. She told the men to leave and called the police.

While driving to the residence, Detective Darryl Jones of the Albany Police Department spotted a maroon truck headed in the opposite direction. The officer pulled around to follow the truck and noticed the truck's tag number matched the number provided by the daughter. Officers detained the three men in the truck and transported them to the residence where the daughter identified Kavaseay Hines as the young man who knocked on her father's door, rang the doorbell, and rattled the door handle. She identified White as the driver of the maroon truck. During his investigation, Detective Jones observed damage to the door entering the house from the carport.

1. A person is guilty of criminal burglary in Georgia when, "without authority and with the intent to commit a felony or theft therein, he or she enters or remains within an occupied, unoccupied, or vacant dwelling house of another. . . ." OCGA § 16-7-1 (b). A person is guilty of criminal attempt in Georgia when, "with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime." OCGA § 16-4-1. Furthermore, in Georgia "[e]very person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime." OCGA § 16-2-20 (a).

White contends that the State presented no evidence that he acted with the requisite intent for culpability. We disagree. Although White told the police a different story to explain his presence at the residence, namely that he was there to inquire about unsolicited yard work, "it was the jury's province to assess witness credibility, resolve the conflicts in the evidence, and determine whether there was a reasonable hypothesis of innocence favorable to [White]. [Cit.]" *Anthony v. State*, 317 Ga. App. 807, 810 (1) (732 SE2d 845) (2012). Additionally, "[a]s a general rule the [S]tate must, of necessity, rely on circumstantial evidence in proving intent. [Cit.]" *Murray v. State*, 187 Ga. App. 747, 747 (371 SE2d 272) (1988). Here, the jury evaluated the nature of the circumstances of the morning's events, as well as the daughter's eyewitness testimony. While aware of White's explanation and interpretation of the evidence, the jury was authorized to come to a different and reasonable conclusion based on the State's case. Therefore, we reject White's argument that insufficient evidence supported his conviction.

2. White next contends that there was a fatal variance between the indictment and the evidence presented by the State at trial. The indictment alleged that the defendants, individually and as parties to a crime, "did attempt to enter the locked carport of [a] dwelling house . . . by prying at the locked carport door . . . ." White

4

claims that because the State presented no evidence any defendant pried at the door, the State did not prove the crime was committed as alleged in the indictment.[1] This argument is unpersuasive.

> We no longer adhere to an overly technical application of the fatal variance rule, focusing instead on materiality. The true inquiry, therefore, is not whether there has been a variance in proof, but whether there has been such a variance as to affect the substantial rights of the accused. It is the underlying reasons for the rule which must be served: 1) the allegations must definitely inform the accused as to the charges against him as to enable him to present his defense and not to be taken by surprise, and 2) the allegations must be adequate to protect the accused against another prosecution for the same offense. Only if the allegations fail to meet these tests is the variance "fatal."

(Citation, punctuation, and footnote omitted.) *Weeks v. State*, 274 Ga. App. 122, 125 (1) (616 SE2d 852) (2005).

In this case, the indictment adequately informed White as to the charges against him. It placed White on notice that the State claimed that he was at a dwelling house

---

[1]White concedes in his brief that "[t]he State's case was obviously premised on a contention that the Appellant may have, as a party to a crime (but not directly) attempted to enter a locked door to a house - not a locked door to a carport."

without authorization and attempted to enter a locked door to that house. Additionally, a jury could conclude from the circumstantial evidence presented by the State that Hines attempted to pry the door open. To the extent that the indictment varied from the State's case, it was immaterial and did not affect White's ability to defend himself. Likewise, the alleged variance also fails to subject White to another prosecution for the same offense. *See Smarr v. State*, 317 Ga. App. 584, 588-589 (2) (732 SE2d 110) (2012) (concluding that despite the State's inability to prove the owner of a burglarized gas station as alleged in the indictment, no threat existed to the defendant of another prosecution for the same offense).

Because the State presented sufficient evidence to support White's conviction and White failed to demonstrate a fatal variance, we affirm his conviction.

*Judgment affirmed. Doyle, P. J. and McFadden, J., concur.*