**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**March 13, 2014**

# In the Court of Appeals of Georgia

A13A2014. LEONARD v. THE STATE.

McFADDEN, Judge.

Clarence Leonard appeals his theft by shoplifting conviction. He argues that the evidence does not support the conviction because he was charged with taking a Dell Streak 7 cell phone, but the evidence showed that the item taken was a Dell Streak 7 tablet. We hold that the evidence was sufficient to support the conviction for theft by shoplifting of a Dell Streak 7. And the variance between the indictment and the evidence is not fatal to the conviction because the allegations in the indictment definitely informed Leonard as to the charges against him so as to enable him to present his defense and were adequate to protect him against another prosecution for the same offense. We therefore affirm.

When a defendant challenges the sufficiency of the evidence supporting his criminal conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979) (citation omitted; emphasis in original). It is the function of the jury, not the reviewing court, to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the evidence. Id. "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the [s]tate's case, the jury's verdict will be upheld." *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001) (citations and punctuation omitted).

Viewed in this light, the evidence showed that Leonard was indicted for theft by shoplifting for taking without paying a Dell Streak 7 cell phone from a Douglas County T-Mobile store on February 7, 2011. The manager of the T-Mobile store in Lithia Springs testified that on February 7, 2011, two men entered the store but began to leave before they had been helped. The manager noticed that a Dell Streak 7 that had been on display was missing. As they were leaving, the manager asked the men if they wanted to buy the device, but they said no and left. The manager ran out of the

store and saw the men get into a gold Pontiac. She called the police. She described the functions of a Dell Streak 7 as, "[i]nternet capability, download apps, messaging if you want. At the time there was an application where you can actually make phone calls" and the device had a phone number associated with it. Although Dell makes a Streak model cell phone, T-Mobile does not carry it.

The store's loss prevention manager was able to pull pictures of the men from the video surveillance system. The system also recorded two videos of the incident, which were played for the jury.

Leonard's co-defendant testified, confirming the manager's testimony that he and Leonard took the device. He also identified himself and Leonard in the photographs and video recordings from the surveillance system.

A person commits the offense of theft by shoplifting when

> such person alone or in concert with another person, with the intent of appropriating merchandise to his or her own use without paying for the same or to deprive the owner of possession thereof or of the value thereof, in whole or in part, . . . [c]onceals or takes possession of the goods or merchandise of any store or retail establishment.

OCGA § 16-8-14 (a) (1). The evidence is sufficient to support the conviction of shoplifting a Dell Streak 7.

Leonard argues that the evidence does not support his conviction because it shows that a Dell Streak 7 tablet was taken, while he was charged with taking a Dell Streak 7 cell phone. In other words, he argues that there was a fatal variance between the indictment and the evidence. However, we no longer apply

> an overly technical application of the fatal variance rule, focusing instead on materiality. The true inquiry, therefore, is not whether there has been a variance in proof, but whether there has been such a variance as to affect the substantial rights of the accused. It is the underlying reasons for the rule which must be served: 1) the allegations must definitely inform the accused as to the charges against him so as to enable him to present his defense and not to be taken by surprise, and 2) the allegations must be adequate to protect the accused against another prosecution for the same offense. Only if the allegations fail to meet these tests is the variance fatal.

*Delacruz v. State*, 280 Ga. 392, 396 (3) (627 SE2d 579) (2006) (citations omitted). In this case, the indictment adequately informed Leonard as to the charge against him. It placed him on notice that the state claimed that he had shoplifted a Dell Streak 7 device from a Douglas County T-Mobile store on February 7, 2011. "To the extent that the indictment varied from the [s]tate's case, it was immaterial and did not affect [Leonard's] ability to defend himself." *White v. State*, 323 Ga. App. 660, 663 (2) (744 SE2d 857) (2013). And as there is no evidence that the particular T-Mobile store

4

carried any other Dell Streak 7 device on February 7, 2011, Leonard is protected against another prosecution for the same offense. See *Brooks v. State*, 151 Ga. App. 384, 387 (2) (259 SE2d 743) (1979). "The indictment in this case sufficiently informed [Leonard of the shoplifting] charge[] against him and he has not shown that he was unable to present a viable defense to such charge[] or that he was surprised or misled at trial by the [testimony that a Dell Streak 7 is a tablet]. Moreover, there is no danger that [Leonard will be] prosecuted a second time for the same offense." *Roscoe v. State*, 288 Ga. 775, 776-777 (3) (707 SE2d 90) (2011). Consequently, Leonard has not shown a fatal variance. See *Brown v. State*, 302 Ga. App. 641, 644 (2) (692 SE2d 9) (2010) (no fatal variance between the indictment charging defendant with unlawfully taking from her employer United States currency in excess of $500 and proof that she used her employer's purchase orders to pay personal expenses in excess of $500); *Wegman-Fakunle v. State*, 277 Ga. App. 198, 200 (2) (626 SE2d 170) (2006) (variance between accusation that defendant shoplifted a bottle of Nyquil and evidence that she actually took a box of Nyquil was not fatal).

*Judgment affirmed. Doyle, P. J., and Boggs, J., concur.*