PER CURIAM.
Bradford Motor Cars, Inc., one of the two defendants below, appeals the trial court’s final judgment against it in favor of appellee for $150,000. At issue is whether appellant’s response to appellee’s request for admissions was stricken, and if so whether such striking had the effect of liquidating damages.
Appellee owned a sports car which was allegedly damaged in a collision, taken to the defendants for repair, and subsequently stolen from the defendants’ premises. Appellee filed a complaint, both defendants answered, and the court entered an order setting the case for jury trial.
Thereafter, appellee served appellant with a request for admissions which included, inter alia, a request that appellant admit that the sports car had a fair market *1121 value in excess of $150,000. On appellant’s behalf, its attorney prepared and signed a response to the request for admissions, denying appellee’s valuation of the vehicle.
Appellee also served appellant with interrogatories. The interrogatories were not answered, so appellee again served them. Appellant still made no response, so appel-lee made a motion to compel discovery, which was granted. Appellant (whose corporate officers apparently could not be located by its attorney) failed to answer the interrogatories as ordered by the court, so appellee made a motion to impose sanctions. The court granted the motion and stated that “defendant’s pleadings will be stricken and the matter will be determined as to liability & damages by default judgment.” Default was entered and the court thereafter rendered the final judgment here appealed.
Appellee now argues that when the court granted her motion for sanctions, it effectively struck appellant’s response to her request for admissions in which appellant had denied that the automobile had a fair market value in excess of $150,000. Since the response to the request for admissions was a nullity, argues appellee, the items requested by appellant to be admitted were deemed admitted and established as fact; and the admission that the car was worth in excess of $150,000, effectively liquidated the damages.
We conclude that the court’s order striking appellant’s pleadings did not also strike appellant’s response to appel-lee’s request for admissions, as a response to a request for admissions is not a pleading. See Coca-Cola Bottling Company v. Clark, 299 So.2d 78 (Fla. 1st DCA), cert. dismissed, 301 So.2d 100 (Fla.1974). Moreover, we conclude that the response to the request for admissions was not shown to be invalid, so it would have been improper to strike it.
Further, even if the response to the request for admissions had been stricken, that would not mean that damages were therefore liquidated. A plaintiff cannot liquidate damages merely by serving a request for admissions which is not answered.
In Bowman v. Kingsland Development, Inc., 432 So.2d 660, 662 (Fla. 5th DCA 1983), the court stated:
Damages are liquidated when the proper amount to be awarded can be determined with exactness from the cause of action as pleaded, i.e., from a pleaded agreement between the parties, by an arithmetical calculation or by application of definite rules of law.... [Djamages are not liquidated if the ascertainment of their exact sum requires the taking of testimony to ascertain facts upon which to base a value judgment_ A defaulting party has a due process entitlement to notice and opportunity to be heard as to the presentation and evaluation of evidence necessary to a judicial determination of the amount of unliquidated damages.
Here, as appellant notes, the value of the wrecked sports car at the time it was stolen was not certain.
We conclude that the trial court erred in entering judgment without permitting the parties to present evidence on damages. Accordingly, we reverse and remand for a jury trial on the issue of damages.
REVERSED AND REMANDED.
HERSEY, C.J., and LETTS and GUNTHER, JJ., concur.