[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 9, 2003
THOMAS K. KAHN
CLERK

_____

No. 02-10892

_____

D. C. Docket No. 00-08800-CV-DMM

ANHEUSER-BUSCH, INC.,

Plaintiff-Appellant,

versus

IRVIN P. PHILPOT, III,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 9, 2003)**

Before ANDERSON, BIRCH and BARKETT, Circuit Judges.

BARKETT, Circuit Judge:

In this diversity action for defamation, Anheuser-Busch, Inc. ("Busch")

appeals from the district court's final judgment in favor of Irvin P. Philpot, III

("Philpot"). Busch, a Missouri corporation, filed the action against Philpot, a Florida citizen, alleging that Philpot had defamed Busch by maliciously telling hundreds of people, including influential business leaders, that Busch's dealings with its distributors amounted to criminal conduct. The complaint further alleged that this defamation had caused Busch at least $75,000 in damages.

Although an attorney initially appeared on Philpot's behalf, he withdrew on January 25, 2001, after moving to dismiss the case and responding to Busch's interrogatories and request for production of documents. Philpot thereafter remained without the assistance of counsel and failed to answer the complaint. The clerk of court, upon Busch's motion, accordingly entered a default against him on April 10, 2001. Thereafter, on May 1, 2001, Busch served Philpot with a request for admissions pursuant to Federal Rule of Civil Procedure 36;[1] the pertinent Request for Admission stated that Busch had "suffered general damages in an amount not less than $2,000,000.00 as a result of the facts and circumstances

---

[1] Under the federal rules, "[a] party may serve upon any other party a written request for the admission . . . of the truth of any matters," Fed.R.Civ.P. 36(a), that are "relevant to the claim," id. 26(b)(1). A request that is not responded to within 30 days of service is deemed admitted. See id. 36(a). "Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Id. 36(b); see United States v. 2204 Barbara Lane, 960 F.2d 126, 129-30 (11th Cir. 1992). Withdrawal or amendment of admissions may be allowed "when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action . . . ." Fed.R.Civ.P. 36(b).

set forth in the Complaint." After Philpot failed to respond to the Request for Admission, Busch moved for an entry of final default judgment and damages in the amount of $2,000,000. On September 7, 2001 the court entered a default judgment against Philpot and scheduled an evidentiary hearing to determine damages.

Busch took the position that Philpot's failure to respond to its Request for Admission conclusively established its entitlement to $2,000,000 in damages, but stated that if required, its expert witness would establish that Busch had suffered more than $2,000,000 in damages as a result of the defamation. The court ruled that under the circumstances presented, Busch would have to prove actual damages in order to prevail on its defamation claim. Accordingly, it proceeded with the evidentiary hearing pursuant to Federal Rule of Civil Procedure 55(b)(2).

At the hearing, Busch's expert offered his opinion that because of Philpot's defamatory statements, Busch did not receive full value for the approximately 266 million dollars it had spent to strengthen its relationship with its wholesalers during the relevant period. Based on the notion of "corrective advertising," which proposes that injury from defamatory statements can be as high as twenty-five percent of a company's relevant advertising costs, the expert testified that he thought that Busch was entitled to at least one to five percent of its $266 million expenditure, or $2.6 to 13.3 million. According to the expert, the need for

3

corrective advertising could be inferred from Busch's increased advertising expenditures between 1997 and 2000, which reversed the trend between 1990 and 1996. Philpot testified only briefly, regarding his alleged calls to influential people, explaining that he either had not spoken with them or had not said anything negative to them about Busch.

The court concluded that Busch had not presented any evidence of harm to its reputation at a consumer or distributor level, of loss of value, or of a need to engage in corrective advertising. As to Busch's expert testimony regarding the inferred need for corrective advertising, the court found that Busch had failed to establish a connection between any such need and the statements allegedly made by Philpot. Accordingly, because Busch had not proved any actual damages from any defamation by Philpot, the court vacated the default judgment for Busch and entered final judgment for Philpot.

## DISCUSSION

The issue before us is the narrow question of whether the trial court abused its discretion in requiring an evidentiary hearing to prove actual damages under the circumstances presented. See Johnson v. DeSoto County Board of Commissioners, 204 F.3d 1335, 1340 (11th Cir. 2000) (holding that "[t]he scope and effect of

4

admissions . . . is a matter for determination by the trial court, in the exercise of its broad discretion"). We conclude that there was no abuse of discretion here.

Under Florida law,[2] proof of "actual damage" is an essential element of a defamation action. See Miami Herald Publ'g Co. v. Ane, 423 So.2d 376, 388 (Fla. Dist. Ct. App. 1982); see also Rubin v. U.S. News & World Report, Inc., 271 F.3d 1305, 1306 (11th Cir. 2001). Regarding the amount of damages, Florida law makes clear as well that an amount of uncertain damages cannot be established conclusively based on an unanswered Request for Admission. See Bradford Motor Cars Inc. v. Frem, 511 So.2d 1120, 1121 (Fla. Dist. Ct. App. 1987). Federal law similarly requires a judicial determination of damages absent a factual basis in the record. See Adolph Coors Co. v. Movement Against Racism and the Klan, 777 F.2d 1538, 1543-44 (11th Cir. 1985) (holding that "a judgment of default awarding cash damages could not properly be entered without a hearing, unless the amount claimed is a liquidated sum or one capable of mathematical calculation") (quotation and citation omitted). To that end, Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that following entry of a default judgment, a district court

---

[2] We apply Florida substantive law to the defamation claim. See Media Services Group, Inc. v. Bay Cities Communications, Inc., 237 F.3d 1326, 1329 (11th Cir. 2001).

5

may conduct an evidentiary hearing "to determine the amount of damages or to establish the truth of any averment by evidence . . . ." Fed.R.Civ.P. 55(b)(2).

In this case, the Request for Admission asserted an amount that was not based on any specified fact; there was nothing in the Request for Admission or Complaint that established, or even suggested, facts that supported a concrete, actual damage amount. Damages resulting from defamation, unlike liquidated damages, may range from nominal to significant amounts. We cannot say it is an abuse of discretion for a trial judge to conduct an evidentiary hearing when the amount of damages is uncertain and speculative. A court has an obligation to assure that there is a legitimate basis for any damage award it enters, and to assure that damages are not awarded solely as the result of an unrepresented defendant's failure to respond to a Request for Admission that may allege a completely unreasonable or speculative amount of damages with no factual basis. See id.; cf. Brook Village North Assoc. v. General Elec. Co., 686 F.2d 66, 73-75 (1st Cir. 1982) (holding that defendant's failure to respond to a request for admission that included letters detailing reparation costs conclusively established damages).

Under the circumstances in the present case – Philpot's pro se status, the requirement of proof of actual damages in a defamation action, and the lack of any factual basis for the damage amount in the Request for Admission – we find no

6

abuse of discretion in the district court's decision to hold an evidentiary hearing to determine damages pursuant to Rule 55(b)(2).[3]

Finally, we reject Busch's argument that the district court erred by setting aside the default judgment absent a motion by Philpot. The default judgement entered by the court against Philpot was not a final default judgment, as it provided neither relief nor damages. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1364 n.27 (1997). Accordingly, the court could set it aside sua sponte for "good cause." See Fed.R.Civ.P. 55(c). Under the circumstances presented here, Busch's failure to prove actual damages was sufficient "good cause" for the court to vacate the default and enter final judgment for Philpot.

**AFFIRMED.**

---

[3] We note that Busch never argued below that it would be prejudiced by the evidentiary hearing nor moved for a continuance of the hearing in order to avoid such prejudice.