S05A1952. SHERROD v. THE STATE.
(627 SE2d 36)

HINES, Justice.

Chrissy Renae Sherrod appeals her conviction for theft by conversion of leased property, asserting that OCGA § 16-8-4 (c) (2) is unconstitutional. Finding that OCGA § 16-8-4 (c) (2) imposes an unconstitutional mandatory presumption, we reverse.

The State charged Sherrod with theft by conversion of leased property, alleging that she leased a stereo from a "Rentown" store and failed to either pay for or return it. Sherrod moved the trial court to declare OCGA § 16-8-4 (c) (2) unconstitutional. The motion was denied. Sherrod was tried without the intervention of a jury, found guilty, and sentenced under the First Offender Act. See OCGA § 42-8-60 et seq. On appeal, she urges that OCGA § 16-8-4 (c) (2) contains an unconstitutional mandatory presumption, and that absent the presumption, there is insufficient evidence to sustain her conviction.

OCGA § 16-8-4 (c) (2) states:

[a]ny person having any personal property in such person's possession or under such person's control by virtue of a lease or rental agreement who fails to return the personal property within five days . . . after a letter demanding return of the personal property has been mailed to such person . . . at such person's last known address by the owner of the personal property or by the owner's agent shall be presumed to have knowingly converted such personal property to such person's own use in violation of such lease or agreement.

Under OCGA § 16-8-4 (a), it is a crime to knowingly convert the property of another to one's own use in violation of a lease agreement. Thus, by proving that the demand letter was properly sent and that the property was not returned within five days, the presumption of OCGA § 16-8-4 (c) (2) establishes guilt of the crime of theft by conversion of leased property.

The State has the burden to prove all elements of the charged offense beyond a reasonable doubt, and a mandatory presumption

276

that relieves it of this burden is unconstitutional as it "subvert[s] the presumption of innocence accorded to accused persons and also invade[s] the truth-finding task assigned solely to [the factfinders] in criminal cases." *Carella v. California*, 491 U. S. 263, 265 (109 SC 2419, 105 LE2d 218) (1989).

> In *Isaacs v. State*, 259 Ga. 717, 735 (35) (b) (386 SE2d 316) (1989), we distinguished permissive inferences or presumptions from those which are unconstitutionally mandatory: A permissive inference is an evidentiary device that permits, but does not require, the [factfinder] to infer the elemental fact from proof by the prosecutor of the basic fact. By contrast, a mandatory presumption instructs the [factfinder] that it must infer the elemental fact once the state has proved the basic fact. The difference between the two may be found in the presence or absence of "language of command" such as "shall be." An instruction containing a mandatory presumption commands that the [factfinder] reach a particular conclusion, while an instruction couched in terms of an inference merely suggests, but does not command, that the [factfinder] do so.

(Punctuation omitted.) *Wallace v. Higgs*, 262 Ga. 437, 438 (421 SE2d 69) (1992).

Clearly, the statutory presumption in OCGA § 16-8-4 (c) (2) is mandatory; if the State proves that the demand letter was sent in accordance with the statute, the defendant "shall be presumed" to have committed the elements of the crime of theft by conversion of leased property. The United States Supreme Court has declared unconstitutional similarly worded statutes regarding theft and embezzlement of leased or rented vehicles. *Carella*, supra. OCGA § 16-8-4 (c) (2) differs in no significant manner from those statutes, and its mandatory presumption is unconstitutional.[1]

Further, the State's presentation of its case relied upon the statutory presumption. The State introduced the demand letter, establishing that the statute was followed, and triggering the presumption. When Sherrod testified, the State cross-examined her by asking: "[s]o you're basically saying that you didn't have any intent of

---

[1] We note that in *State v. Russell*, 256 Ga. 503 (350 SE2d 430) (1986), this Court considered a challenge to OCGA § 16-8-19 (b), the predecessor to OCGA § 16-8-4 (c) (2), and held it unconstitutional because it created an "impermissible presumption." Although the wording of the current statute is slightly different, it has the same improper effect as the statute addressed in *Russell*; it mandates the finding of all the elements of the crime when the State proves only certain basic facts.

— to do anything wrong in this case. That's your answer to the presumption that we've put forth." And in concluding argument, the State maintained that "the presumption worked in this case to have the answer by the defendant and fact speaks for itself as to how she's answered that presumption."[2]

The unconstitutional language of OCGA § 16-8-4 (c) (2) cannot be considered harmless in this case. Such a direction to the factfinder is harmless only if the presumption was applied to an element of the crime that was not at issue in the trial, and if the evidence of guilt was overwhelming. *Bridges v. State*, 268 Ga. 700, 706 (2) (f) (492 SE2d 877) (1997). But, the mandatory presumption applied to both the fact of conversion and Sherrod's intent; she was presumed to have knowingly converted the stereo. Nor can it be said that the evidence was overwhelming; there was evidence that Sherrod had shared an apartment with her boyfriend and another roommate, had moved from the apartment after a dispute with her boyfriend, had attempted to retrieve the stereo, but was intimidated into leaving the stereo in the apartment, and that the stereo could not thereafter be located.

However, Sherrod fails in her assertion that, without the operation of the presumption, the State presented insufficient evidence to sustain a conviction. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). To the contrary, the State presented evidence that Sherrod was aware of the requirements of her lease agreement, that she was placed on notice that she had not met those requirements and must return the stereo, and that she nonetheless left the stereo in the care of a former boyfriend who had previously pawned her property after a different romantic dispute. The factfinder could thus infer that she had knowingly converted the stereo to some use of her own, in violation of her lease agreement. OCGA § 16-8-4 (a). Consequently, Sherrod may be retried. See *Dinning v. State*, 267 Ga. 879 (485 SE2d 464) (1997).

*Judgment reversed. All the Justices concur.*

---

[2] In pronouncing its decision, the trial court did not refer to the presumption, other than noting that it continued to overrule the motion to declare OCGA § 16-8-4 (c) (2) unconstitutional, and stated that the evidence was such that the State carried its burden of proof. Although appellate decisions addressing mandatory presumptions typically address the role of the jury, see *Carella v. California*, 491 U. S. 263, 267, supra (Scalia, J., concurring), we conclude that the trial court, as factfinder, applied the presumption in this case; the trial court pronounced Sherrod guilty immediately after restating its ruling that the mandatory presumption was constitutional, and the court thus considered itself bound by the mandatory language in OCGA § 16-8-4 (c) (2).

DECIDED FEBRUARY 27, 2006.

*Robert L. Persse*, for appellant.
*Richard A. Mallard, District Attorney, W. Scott Brannen, Assistant District Attorney, Thurbert E. Baker, Attorney General*, for appellee.