**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**August 29, 2014**

# In the Court of Appeals of Georgia

A14A1315. WILLIAMS v. THE STATE.

MILLER, Judge.

Following a jury trial, Minnie Denise Williams was convicted of misdemeanor theft by conversion of property with a value less than $500 (OCGA § 16-8-4 (a)).[1] Williams appeals from the denial of her motion for new trial, contending that (1) the evidence was insufficient; (2) the trial court erred in charging the jury on the appropriate measure of damages; and (3) the trial court erred in determining the amount of restitution. Discerning no error, we affirm.

---

[1] Williams was charged by accusation with felony theft by conversion of property with a value greater than $500 (OCGA § 16-8-4 (a)).

Viewed in the light most favorable to the jury's verdict,[2] the evidence shows that, in early December 2011, Williams went to the Rent & Buy Furniture store located in Marietta in Cobb County. Williams executed a month-to-month rental purchase agreement for a new Haier 30-inch flat-screen television set that was valued at $649.87. Several days later, Williams returned to Rent & Buy and executed a second month-to-month rental purchase agreement for a used Sharpe 32-inch television that was also valued at $649.87. The rental agreements required Williams to either make monthly rental payments or return the televisions to Rent & Buy.

Williams received both televisions at her residence on 1651 Massachusetts Avenue in Marietta, and the agreement prohibited Williams from moving the televisions to another address without written permission from Rent & Buy. Nevertheless, at some point, Williams moved to another location and took the two rented televisions with her. Williams never requested permission to move the televisions from the Massachusetts Avenue address, and Rent & Buy never received notice from Williams that she had moved to another location.

Williams made a total of $292.15 in payments on the first television and $281.45 in payments on the second television. The payments included the rental

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

amount, plus taxes and fees. Williams made no payments after March 14, 2012, and she never returned the televisions to Rent & Buy, despite Rent & Buy's efforts to locate her.

1. Williams contends that the evidence was insufficient to support her conviction. We disagree.

OCGA § 16-8-4 (a) pertinently provides:

[a] person commits the offense of theft by conversion when, having lawfully obtained . . . property of another including, but not limited to, leased or rented personal property, under an agreement or other known legal obligation to make a specified application of such funds or a specified disposition of such property, he knowingly converts the funds or property to his own use in violation of the agreement or legal obligation.

See also *Sherrod v. State*, 280 Ga. 275 (627 SE2d 36) (2006) (holding that it is a crime to knowingly convert another's property in violation of an agreement).

At the time of the alleged crime in this case, the crime of theft by conversion of property valued at $500 or less was punishable as a misdemeanor. See OCGA § 16-8-12 (a) (1) (2011).

The value of stolen property can be established by one having knowledge of the age and condition of the subject property and some

3

knowledge, experience, or familiarity of the fair market value of such property. . . . [T]he State may prove fair market value by producing a witness, including the victim of the theft, who is familiar with the stolen items and has a fact-supported opinion as to their value.

(Citations and punctuation omitted). *In the Interest of R. H.*, 316 Ga. App. 317, 318 (728 SE2d 911) (2012).

Here, the State presented sufficient evidence for the jury to find that Williams converted the televisions to her own use in direct violation of her rental agreements. Notably, the rental agreements required Williams to either make monthly payments to continue renting the televisions or return the televisions to Rent & Buy, and the evidence showed that Williams failed to do either after March 14, 2012. The evidence also showed that Williams moved the televisions to another address, without Rent & Buy's knowledge or consent, in direct violation of the rental agreements. Finally, the State presented testimony from the victim—the owner of Rent & Buy—that each television had a retail or fair market value of $649.87.

Williams argues that the owner's testimony regarding the fair market value of the televisions was insufficient to prove fair market value as defined by OCGA § 16-8-4 (3) (A). Her argument is unavailing, however, because value is not an element of theft by conversion. OCGA § 16-8-4 (a). Williams's conviction does not depend on

4

the value of the stolen property, which is relevant only for purposes of distinguishing between a misdemeanor and a felony. See OCGA § 16-8-12 (a); *Hight v. State*, 221 Ga. App. 574, 575 (2) (472 SE2d 113) (1996). Here, the owner's testimony that the televisions had some value authorized the jury to find Williams guilty, beyond a reasonable doubt, of misdemeanor theft by conversion. See *Hight*, supra, 221 Ga. App. at 575 (2).

2. Williams contends that the trial court erred in charging the jury on the appropriate measure of damages. We discern no error.

As an initial matter, the record shows that Willams did not object to the trial court's charge. Where no objection is made to a jury charge at trial, "appellate review for plain error is required whenever an appealing party properly asserts an error in jury instructions." (Footnote omitted.) *State v. Kelly*, 290 Ga. 29, 32 (1) (718 SE2d 232) (2011).

> The "plain error" test adopted by this Court in [*Kelly*] authorizes reversal of a conviction if the instruction was erroneous, the error was obvious, the instruction likely affected the outcome of the proceedings, and the error seriously affected the fairness, integrity or public reputation of judicial proceedings.

(Citations omitted.) *Smith v. State*, 292 Ga. 316, 319 (3) (737 SE2d 677) (2013).

5

With regard to the jury's determination of the appropriate amount of damages, the trial court gave the following charge:

> [w]hen value is an element of an offense, the value that must be proved by the State is fair-market value of the property at the time of the taking. Fair-market value is defined as the price agreed upon by the seller who is willing but not compelled to sell, and a buyer who is willing but not compelled to buy.

Williams' argues that the correct formula for determining fair market value is set forth in OCGA § 16-8-4 (c) (3) (A). Her argument is unavailing, because OCGA § 16-8-4 (c) (3) (A) sets out the formula for determining replacement costs of converted personal property, not the formula for determining market value for purposes of the $500 felony threshold. See OCGA § 16-8-12 (a). Moreover, as set forth in Division 1 above, the owner's testimony authorized Williams' conviction for misdemeanor theft by conversion. Accordingly, Williams cannot show that the trial court plainly erred in giving the charge. See *Smith*, supra, 292 Ga. at 319 (3).

3. Williams contends that the trial court erred in calculating the amount of restitution. We do not agree.

> In determining the amount of restitution, the ordering authority shall consider, inter alia, the amount of damages. Damages, in this context, means all special damages which a victim could recover against

6

an offender in a civil action based on the same act or acts for which the offender is sentenced, except punitive damages and damages for pain and suffering, mental anguish, or loss of consortium. The amount of restitution ordered shall not exceed the victim's damages. The burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on the [S]tate. The sufficiency of evidence to support an order of restitution is measured by the civil standard of preponderance of the evidence. It is well established that review of evidence by this Court is limited to questions of sufficiency. Accordingly, determinations regarding the credibility of the witnesses and the weight to be accorded conflicting evidence are for the trial court, and this Court will not interfere with such determinations as long as there is any evidence to support them.

(Punctuation and footnotes omitted). *Austin v. State*, 315 Ga. App. 713, 713-714 (725 SE2d 535) (2012).

With regard to restitution, OCGA § 16-8-4 (c) (3) pertinently provides:

[i]n the event that any personal property is not returned as provided for in the lease or rental agreement and the court orders the lessor or renter to pay replacement costs, replacement costs *shall include but not be limited to*: (A) The market value of the personal property. The market value shall be established by the owner of the property by providing from a supplier of such or reasonably similar personal property a current quotation of the value of the personal property which is of like quality, make, and model of the personal property being replaced. . . .(B) *All*

7

*rental charges from the date the rental agreement was executed until the date of the trial* or the date that the property was recovered, if recovered; and (C) Interest on the unpaid balance each month at the current legal rate from the date the court orders the lessor or renter to pay replacement costs until the date the judgment is satisfied in full.

(Emphasis supplied).

Here, the trial court heard evidence regarding the value of the televisions during Williams's sentencing hearing. The State presented the testimony of the owner of Rent & Buy, who stated that he was owed $2,197.07, based on the difference between the payments Williams' made on the two televisions and the amount that she would have paid over the course of 24 months under the two rental agreements. The owner further stated that the figure of $2,197.07 included late fees, as well as postage, filing and trip fees.[3] The trial court subsequently ordered Williams to pay $2,198.07 in restitution.

The evidence was sufficient to support the trial court's determination of the amount of restitution awarded. Notably, the evidence showed that the rental agreements required Williams to either make monthly payments on the televisions or

---

[3] The trial court initially ordered Williams to pay $3,100 in restitution. In its order denying Williams' motion for new trial, however, the trial court reduced the restitution award to $2,198.07.

return the televisions to Rent & Buy; the rental agreements provided for a total $2,797.90 in monthly payments on the televisions; Williams made only $573.60 in payments; and Williams never returned the televisions. Pursuant to OCGA § 16-8-4 (3) (B), the trial court could have awarded as much as $2,224.30—the difference between the total monthly payments under the rental agreements and the amount Williams paid—plus interest on the unpaid balance. Accordingly, the trial court did not err in awarding only $2,198.07 in restitution.

*Judgment affirmed. Doyle, P. J., and Dillard, J., concur.*