### IN RE: CITRUS TOWER BOULEVARD IMAGING CENTER, LLC, Debtor.

Citrus Tower Boulevard Imaging Center, LLC, Plaintiff,

v.

Franklin B. Trell, Cynthia Vinson, Medical Development Group, LLC, The Trell Family Limited Partnership, Heather Trell Schlesinger and Todd Schlesinger, Defendants.

CASE NUMBER 11–70284–MGD
ADVERSARY PROCEEDING
NO. 14–05142

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Signed January 2, 2015

Filed January 5, 2015

Anna Mari Humnicky, Garrett H. Nye, Gus H. Small, Cohen Pollock Merlin & Small, P.C., Atlanta, GA, for Plaintiff.

Michael D. Robl, The Spears & Robl Law Firm, LLC, Tucker, GA, for Defendant.

Medical Development Group, LLC, Atlanta, GA, pro se.

Cynthia Vinson, Gay, GA, pro se.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Mary Grace Diehl, U.S. Bankruptcy Court Judge

Before the Court is Plaintiff's Renewed Motion for Default Judgment as to Defendant Medical Development Group, LLC ("MDG"). (Docket No. 65). Plaintiff seeks a judgment against MDG as to liability regarding Counts I, II, V through XVII and XIV (sic) of the Amended Complaint.

In this action, Defendant Cynthia Vinson filed an answer, *pro se*, for herself and purportedly on behalf of MDG. (Docket No. 8). Plaintiff sought a default judgment based upon MDG's technical default because a corporation cannot represent itself and Ms. Vinson, a non-attorney, cannot represent the corporation without engaging in the unauthorized practice of law. *See Nat'l Independent Theatre Exhibitors, Inc. v. Buena Vista Distrib. Co.*, 748 F.2d 602, 609 (11th Cir.1984).

An Order denying Plaintiff's Motion was entered, and it provided MDG additional time to file an answer through counsel. (Docket No. 35). Plaintiff subsequently amended its complaint and service on MDG appears proper. (Docket Nos. 44 & 47). No answer or other responsive pleading has been filed by MDG, and MDG has not responded to this Motion. Entry of default has been made against MDG.

■ The Court has discretion as to the entry of a default judgment. Federal Rule of Civil Procedure 55(b), made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7055, provides that the court *may* enter judg-

ment by default (emphasis added). "[A] defendant's default does not in itself warrant the court in entering default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975); *see also Alan Neuman Prods., Inc. v. Albright,* 862 F.2d 1388, 1392 (9th Cir. 1988), *cert. denied,* 493 U.S. 858, 110 S.Ct. 168, 107 L.Ed.2d 124 (1989); *Wahl v. McIver,* 773 F.2d 1169, 1174 (11th Cir. 1985).

■ In default, the complaint's factual allegations—except those relating to the amount of damages—are deemed admitted. FED. R. BANKR.P. 7008 (applying FED. R.CIV.P. 8(b)(6)). "While well-pleaded facts in the complaint are deemed admitted, plaintiff's allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and the character of damages." *Capitol Records v. Carmichael,* 508 F.Supp.2d 1079, 1084 n. 4 (S.D.Ala.2007); *see also Anheuser Busch, Inc. v. Philpot,* 317 F.3d 1264, 1266 (11th Cir.2003) ("A court [on entering default judgment] has an obligation to assure that there is a legitimate basis for any damage award it enters....").

The Amended Complaint alleges sufficient facts specific to MDG to warrant entry of a default judgment against MDG regarding the following claims:

- Fraudulent Transfer and Recovery (Counts I & II; 11 U.S.C. §§ 548, 550 & 551);
- Conversion (Count V; O.C.G.A. §§ 51–10–1 through 3) [1];
- Theft of Personal Property (Count VI; O.C.G.A. § 51–10–6);

- Georgia Racketeer Influenced and Corrupt Organizations Violation ("Georgia RICO") with predicate act as Theft by Taking (Count VII; O.C.G.A. §§ 16–14–4 and 16–8–2);
- Georgia RICO with predicate act as Theft by Deception (Count VIII; O.C.G.A. §§ 16–14–4 and 16–8–3);
- Georgia RICO with predicate act as Theft by Receiving Stolen Property (Count XI; O.C.G.A. §§ 16–14–4 and 16–8–7);
- Georgia RICO with predicate act as Theft by Conversion of Payments for Property Improvement (Count XIII; O.C.G.A. §§ 16–14–4 and 16–8–15);
- Georgia and Federal RICO with predicate act as Wire Fraud (Counts XIV & XVI; O.C.G.A. § 16–14–4 and 18 U.S.C. §§ 1962, 1343); and
- Punitive Damages (Count XIV (sic—should be XIX); O.C.G.A. § 51–12–5.1).

The Amended Complaint sufficiently alleges that Defendants Franklin Trell and Cynthia Vinson engaged in a scheme to deceive by their acts purportedly on behalf of Plaintiff to access funds under Plaintiff's Master Lease Agreement and Progress Payment Loan and Security Agreement ("PPL Agreement") with Key Equipment Finance, Inc. ("KEF") for their own benefit, including transfers to MDG. The facts in the Amended Complaint are deemed admitted for purposes of this Motion, and the facts are clear that no services, goods, or improvements were made by MDG. MDG's members are Defendants Trell and Vinson, and the pattern of activity is sufficiently alleged to support the state and federal RICO claims. Likewise, the alleged facts regarding MDG's participation

---

1. The Amended Complaint fails to allege sufficient facts as to MDG to support an award of judgment under O.C.G.A. § 51–10–4 (Tres-

pass in cases of bailments). The facts are not sufficient to establish that the PPL was a bailment under applicable law.

in the scheme demonstrate the requisite willful misconduct, malice, and fraud to qualify for the imposition of punitive damages under O.C.G.A. § 51–12–5.1.

A judgment against MDG will be entered contemporaneously with this order as to liability on the above-referenced counts.

There are five remaining claims asserted against MDG in the Amended Complaint: (1) Georgia RICO with predicate act as Theft by Bringing Stolen Property into Georgia (Count XII; O.C.G.A. §§ 16–14–4 and 16–8–9); (2) Georgia RICO with predicate act as Theft by Conversion (Count IX; O.C.G.A. §§ 16–14–4 and 16–8–4); (3) Georgia RICO with predicate act as Theft of Lost or Mislaid Property (Count X; O.C.G.A. §§ 16–14–4 and 16–8–6); (4) Georgia RICO with predicate act as Bank Fraud (Count XV; O.C.G.A. § 16–14–4 and 18 U.S.C. § 1344); and (5) Federal RICO with predicate act as Bank Fraud (Count XVII; 18 U.S.C. §§ 1962 and 1344).

MDG's failure to appear does not automatically entitle Plaintiff to a default judgment. The Amended Complaint does not allege sufficient facts to warrant judgment against MDG as to these five remaining claims.

■ A default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," but is instead merely "an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability." *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F.Supp.2d 1353, 1357 (S.D.Ga.2004); *see also Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d at 1204. Plaintiff's motion is limited to MDG and the factual allegations with respect to MDG are not sufficient to award judgment for these claims.

■ Count XII is a Georgia RICO claim with the predicate act of Theft by Bringing Stolen Property into Georgia under Section 16–8–9 of the Georgia Code. "OCGA § 16–8–9 prohibits a person from bringing into this state "any property which he knows or should know has been stolen in another state." *Cunningham v. State*, 222 Ga.App. 740, 742, 475 S.E.2d 924, 927 (1996). The allegations in the Amended Complaint do not fulfill the statutory elements that MDG brought stolen property from another state to Georgia. The RICO claims are based upon the alleged scheme by Mr. Trell and Ms. Vinson purportedly on behalf of Plaintiff under the PPL Agreement with KEF. Defendants Trell and Vinson alleged scheme continued by and through the use of MDG and other of their related entities. The Amended Complaint states that MDG received funds from KEF based upon "fraudulent draw down requests submitted by Trell and/or Vinson to KEF." (Amended Complaint, ¶ 26). Five progress payments were transferred to MDG's SunTrust Account (Amended Complaint, ¶ 33). There are insufficient allegations as to how MDG effectuated any movement of the stolen funds. Without statements of where the funds originated and the location of the funds upon transfer, an award of judgment against MDG as to Count XII is not warranted.

■ Count IX is a Georgia RICO claim with the predicate act as Theft by Conversion. Section 16–8–4 of the Georgia Code provides, in relevant part:

> [a] person commits the offense of theft by conversion when, having lawfully obtained ... property of another including, but not limited to, leased or rented personal property, under an agreement or other known legal obligation to make a specified application of such funds or a

specified disposition of such property, he knowingly converts the funds or property to his own use in violation of the agreement or legal obligation.

*Williams v. State*, 328 Ga.App. 898, 899, 763 S.E.2d 280, 282 (2014). The Amended Complaint does not establish that MDG lawfully obtained the funds. According to the Amended Complaint, MDG received funds from KEF under the PPL Agreement based upon "fraudulent draw down requests submitted by Trell and/or Vinson to KEF." (Amended Complaint, ¶ 26). The Amended Complaint states that MDG provided no goods or services to Plaintiff, so there would be no lawful reason to receive disbursements under the PPL. (Amended Complaint, ¶ 36). Further, the Amended Complaint does not include any allegations about any agreement where MDG was a party or had any contractual obligations. Further, any receipt by MDG of George Overend's investment funds was a one-time occurrence and not eligible for a RICO claim, which requires a scheme and pattern of behavior. (Amended Complaint, ¶ 34).Plaintiff is not entitled to default judgment against MDG as to Count IX.

■ With respect to Count X, the Georgia RICO claim with the predicate act as Theft of Lost of Mislaid Property, Plaintiff does not sufficiently allege facts that the Plaintiff's funds in MDG's possession were lost or mislaid. *Royal v. State*, 134 Ga. App. 203, 213 S.E.2d 561, 562 (1975) ("Black's Law Dictionary defines 'mislay' as follows: 'To deposit in a place not afterwards recollected; to lose anything by forgetfulness of the place where it was laid.' This same work defines 'lost property' as: 'Property which the owner has involuntarily parted with and does not know where to find or recover it …'"). The alleged facts in the Amended Complaint do not establish that Plaintiff involuntarily parted

with or misplaced the funds. Instead, the facts, which are admitted as true in default, state that Plaintiff, through the acts of its agents Mr. Trell and Ms. Vinson, directed and caused funds available to Plaintiff under the PPL Agreement to be disbursed by KEF to MDG. (Amended Complaint, ¶¶ 26–33, 146). Accordingly, MDG's acquisition of such funds was not the result of lost or mislaid property. Instead, the Amended Complaint alleges that Plaintiff's funds were acquired by fraud, deception, conversion or otherwise, but not as a result of Plaintiff mislaying or losing the funds. Accordingly, Plaintiff is not entitled to judgment against MDG as to Count X.

■ With respect to Counts XV and XVII, the Georgia and Federal RICO claims with the predicate act as Bank Fraud, the facts alleged do not establish an essential element of the claim. Bank Fraud under 18 U.S.C. § 1344 requires that MDG's actions be intended to deceive a bank that is federally insured. *United States v. De La Mata*, 266 F.3d 1275, 1298 (11th Cir.2001) ("To prove bank fraud under 18 U.S.C. § 1344, the government must show that the defendant (1) engaged in a scheme or artifice to defraud, or made materially false statements or representations to obtain moneys, funds or credit from; (2) a federally insured financial institution; and (3) that the defendant acted knowingly."). The Amended Complaint states that MDG obtained funds from KEF based upon the purported fraudulent requests of Trell and Vinson. There is neither an allegation that KEF is federally insured nor a set of facts from which the Court may draw such an inference, and Plaintiff, therefore, is not entitled to judgment against MDG as to Counts XV and XVII.

Accordingly, it is

**ORDERED** that Plaintiff's Motion for Default Judgment is **GRANTED** in part and **DENIED** in part.

**IT IS ORDERED**